LAURAINE v. DICKSON CAR WHEEL CO. et al. (No. 223.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 30, 1917. Rehearing Denied Nov. 28, 1917.)

1. EXECUTORS AND ADMINISTRATORS &#9683;&#8658;38 — RIGHTS—CUSTODY OF PROPERTY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3235, providing that the administrator shall have the right to the possession of deceased's estate as it existed on his death, the administrator is not entitled to possession of property not in the possession of the decedent, and to the possession of which he was not entitled at the time of his death.

2. RECEIVERS &#9683;&#8658;71 — RIGHTS — CUSTODY OF PROPERTY.

Where, at the time of intestate's death, her property was being administered under receivership, the receiver was entitled to the possession of the property, and to collect the rents, and the administrator of the intestate could not collect them.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Norman G. Kittrell, Jr., as receiver of the property of A. C. Allen and Mrs. Margaret E. Allen, against the Dickson Car Wheel Company, wherein W. V. Lauraine, administrator of Mrs. Margaret E. Allen, deceased, intervened. Judgment for the receiver, and the administrator appeals. Affirmed.

Cooper & Merrell and John G. Tod, all of Houston, for appellant. Bryan & Bryan and H. N. Atkinson, all of Houston, for appellees.

KING, J. This suit was instituted in the district court of Harris county, Tex., by Norman G. Kittrell, Jr., acting in his capacity of receiver of the property of A. C. Allen and Mrs. Margaret E. Allen, under appointment from the district court of Harris county, Tex., seeking to recover from the Dickson Car Wheel Company certain moneys alleged to be due by said company as rental for property owned by the said A. C. Allen and Mrs. Margaret E. Allen, jointly, under the terms of a written lease contract entered into between the said Allens and said Dickson Car Wheel Company, prior to the appointment of such receiver. Pending the litigation, Mrs. Margaret E. Allen died, and appellant, W. V. Lauraine, was appointed by the county court of Harris county temporary administrator of her estate. Appellant, acting in such capacity of administrator, made demand on the Dickson Car Wheel Company for that portion of the rental due to the estate of Mrs. Margaret E. Allen, being one-half of the total amount due, whereupon the Dickson Car Wheel Company filed its amended answer, stating the facts of such demand by the administrator, and asking that he be made a party, in order that it might be judicially determined whether all of the rent should be paid to the receiver, or whether one-half

thereof should be paid to the administrator. Appellant, in the capacity of administrator, as aforesaid, filed his answer, setting up claim to that part of such rental as belonged to the estate of Mrs. Margaret E. Allen, deceased. Upon the trial of the cause, the court instructed the jury peremptorily to return their verdict in favor of the receiver for the full amount of the rent due, with interest thereon, amounting to $4,666.90. The jury returned their verdict accordingly, and judgment was entered in accordance therewith in favor of the receiver, hence this appeal by the administrator of the estate of Mrs. Margaret E. Allen, deceased.

The sole question presented by this appeal is whether the receiver, who was entitled to possession of the property of Mrs. Margaret E. Allen at the time of her death, was entitled to collect and receive her part of the rent due under this lease contract, by virtue of his authority as such receiver, or whether appellant was entitled thereto by virtue of the authority vested in him by the orders of the probate court appointing him such administrator, and authorizing him to collect all sums of money due the estate, and authorizing him to institute and maintain a suit for that purpose. The question is one of conflict of jurisdiction asserted by the district court of Harris county, as a court of general equity jurisdiction, and the county court of said county, as a court of probate jurisdiction of the estate of Mrs. Margaret E. Allen. The district court was asserting its claim by and through its receiver, and the probate court was attempting to exercise its jurisdiction over the estate by and through its administrator.

Counsel for appellant, in their brief, recognize the general rule obtaining among courts of concurrent jurisdiction, that the court which first takes property into its possession by a receivership proceeding will retain that possession to the end of the litigation, but claims that that rule can have no bearing on the question here presented, for the reason that the jurisdiction conferred on the probate court is an exclusive jurisdiction; that is, that the jurisdiction of the probate court over the estate of a deceased person is fixed by the Constitution, and that acting in response to this mandate of the organic law, the Legislature has passed statutes fixing and pre-scribing a complete system of law and procedure by which such jurisdiction is to be exercised, and that this necessarily precludes the idea that the district court is entitled to proceed, through its receiver, with the administration of property belonging to Mrs. Allen, notwithstanding her death, and consequent appointment of an administrator of her estate.

[1] The statute provides that the administrator of the estate of a decedent shall have the right to the possession of the estate as it existed at the death of the intestate. Vernon's Sayles' Ann. Civ. St. 1914, art. 3235. This does not authorize the administrator to the possession of property which was not in the possession of the decedent at the time of his death, and to the possession of which he was not then entitled.

[2] In this case, at the death of Mrs. Margaret E. Allen, her property was being administered by the district court of Harris county, under a receivership, and appellant, Lauraine, was entitled to the estate as it existed at said time. Appellee Kittrell, as receiver, is entitled to the possession of the property belonging to deceased, Margaret E. Allen, and being entitled to the possession of the property, he, as an officer of the court, and being under the direction of the court, is entitled to collect the rents.

It appears that since the trial of this case, the appellant herein, as administrator of the estate of Margaret E. Allen, presented a motion in the district court of Harris county, setting up that he had been appointed temporary administrator by the county court of Harris county, in matters of probate, of all the property of Mrs. Margaret E. Allen, and that, therefore, he was entitled to the possession of said property. This motion was refused by the district court, and appellant herein applied to the Supreme Court of this state for a writ of mandamus to compel the judge of the Eleventh district court to transfer to him, as administrator, the custody and control of all the property belonging to the estate of Mrs. M. E. Allen at the time of her death. The writ was refused by the Supreme Court. Lauraine v. Ashe, 191 S. W. 563; Id., 196 S. W. 501.

The judgment is therefore in all things affirmed.