## LEDGER CO. v. TWEEDY.

No. 6989.

Circuit Court of Appeals, Fifth Circuit.

Feb. 17, 1934.

Rehearing Denied March 16, 1934.

Alfred H. Eaton and Stanley Boykin, both of Fort Worth, Tex., for appellant.

H. C. Upton, of San Angelo, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment denying a lien on certain assets of the bankrupt. It is brought up on an agreed statement of facts from which the following appears: On April 20, 1932, the Ledger Company, appellant, filed a suit in the district court of Tarrant county, Tex., against the Apollo Oil Company, bankrupt, to recover the sum of $1,687.40 as due on open account. The Apollo Company timely filed a plea of privilege to be sued in Tom Green county. This was not controverted and nothing further was done in the case until some three months later when on August 6, 1932, appellant filed an amended petition and sued out writs of attachment, which were levied upon various assets belonging to the Apollo Company. About one month thereafter, on September 1, 1932, the Apollo Company was adjudicated bankrupt upon its voluntary petition and appellee, Tweedy, was appointed trustee. He intervened in the Tarrant county court and obtained an order removing the case to the district court of Tom Green county and in that court filed a motion to quash the writs of attachment. The record does not disclose that anything was done thereafter in either of the state courts. On January 9, 1933, the Ledger Company filed its proof of debt in the bankruptcy proceedings claiming to be a secured creditor by virtue of liens on various properties resulting from the levies of the writs of attachment. The amount of the debt was not disputed, but the trustee objected to the allowance of the claim as secured. The exception of the trustee was sustained by the referee and by the District Court on review.

The law of Texas, Revised Statutes 1925, arts. 1995, 2007, 2019, provides as follows: No person who is a resident of the state shall be sued out of the county in which he has his domicile. If sued elsewhere he may file a plea of privilege to be sued in the county of his residence, and if the plaintiff desires to controvert the plea he shall do so within five days after the appearance day by filing a controverting plea under oath. If the plea of privilege is sustained, the cause shall not be dismissed but shall be transferred to the court having jurisdiction of the person of the defendant. It has been held by the Texas courts that after the plea of privilege is filed unless it is controverted, the court is without jurisdiction to enter any order other than to transfer the cause to the court having jurisdiction or to permit plaintiff to take a nonsuit. The court cannot enter either a default or a final judgment. Brooks v. Wichita Mill & Elevator Co. (Tex. Civ. App.) 211 S. W. 288; Craig v. Pittman & Harrison Co. (Tex. Com. App.) 250 S. W. 667; H. H. Watson Co. v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174.

However, appellant relies upon other articles of the Revised Statutes of 1925, particularly article 277, which provides: "No such attachment shall issue until the suit has been duly instituted; but it may be issued in a proper cause either at the commencement of the suit or at any time during its progress." Apparently the Texas courts have not passed upon the precise question here presented; that is, whether a writ of attachment may be issued after a plea of privilege has been filed and stands uncontroverted. Appellant relies upon the decision in H. H. Watson Co. v. Cobb Grain Co., supra, in which it was held that the court had jurisdiction to entertain a motion for nonsuit, and argues that the court of a county wherein defendant is not domiciled retains jurisdiction over the person of the defendant until the suit is actually transferred or dismissed.

It is plain that article 277 permitting the issuance of an attachment in a proper cause at any time during the progress of the suit must be read with the implied condition that the court must have jurisdiction. It is elementary that unless the levy of an attachment is followed by a valid judgment against the defendant, the attachment amounts to nothing

and falls. The Tarrant county court was without jurisdiction to enter judgment against the Apollo Company.

We agree with the District Court that after the filing of the plea of privilege and the failure of the plaintiff to controvert it the district court of Tarrant county was without jurisdiction to issue the writs of attachment. Therefore, no lien resulted from the levy of the said writs.

The record presents no reversible error. Affirmed.