## DONALD et al. v. BANKERS LIFE CO.

### Nos. 12829, 12840, 12877.

Court of Civil Appeals of Texas. Dallas.

Oct. 7, 1939.

Rehearing Denied Nov. 4, 1939.

172

Geo. M. Hopkins, of Denton, for appellants.

Coker, Rhea & Vickrey, of Dallas, for appellee.

YOUNG, Justice.

Three appeals are here presented, viz.: Action of the trial court on plea of privilege; in appointing receiver; and from final judgment on notes, foreclosing deed of trust lien as prayed. All assignments and propositions are set forth in one brief for each side, from which we evolve the following condensed statement of the case, the parties being named as in the trial court.

On August 6, 1938, plaintiff, Bankers Life Company, filed its original petition in a Dallas County District Court against D. S. Donald, a resident of Denton County, seeking judgment on notes, foreclosure of mortgage lien on real property in such County, and the immediate appointment of a receiver; and on the same day, the court set a hearing on the latter application for August 20, 1938, directing the issuance of a "show cause" notice as to why a receiver should not be appointed. D. S. Donald was also served with citation August 19, 1938, on which day he filed statutory plea of privilege to be sued in the county of his residence; the citation just mentioned being returnable on September 12, 1938—the appearance day for the cause in the Dallas County District Court. Mr. Donald died September 2, 1938, and no controverting affidavit was filed by plaintiff to the plea of privilege of the deceased then pending. On October 17, 1938, R. L. Donald and R. L. Donald, Jr., became executors under the will of D. S. Donald, deceased, in probate proceedings instituted in the County Court of Denton County, and forthwith entered into the discharge of their duties touching said estate. These parties, as executors, were made defendants to plain-

tiff's original suit by verified amended pleading filed November 12, 1938, praying again for the appointment of a receiver, which application was, by court fiat, set for hearing November 26, 1938, and notice issued to the executors, as defendants, to appear and show cause as to same.

On the latter date such defendants, though duly served, made no appearance, and the court, upon plaintiff's sworn pleading, entered an order appointing Sam H. Thompson receiver of the property involved. Afterwards, on the same day, defendants R. L. Donald and R. L. Donald, Jr., executors of the estate of D. S. Donald, deceased, filed plea of privilege in statutory form for a transfer of the cause to Denton County, also a plea in abatement, setting up the pendency of the aforesaid administration proceedings in Denton County. This last plea of privilege was duly controverted, heard and overruled on January 12, 1939, and notice of appeal given; similar exception and order having been previously entered as to the appointment of a receiver. The cause was tried by the court in March, 1939, defendants' exceptions and plea in abatement overruled, and plaintiff given judgment for its debt, with foreclosure and sale of the real estate; which action of the court here constitutes defendant executors' third point of appeal.

Both plaintiff's original and amended petition alleged the lien note in suit to be in the principal sum of $18,000, payable in Dallas County, Texas; that same was in default, the real property securing it being probably insufficient to discharge the debt; that all rentals from the land had also been assigned to plaintiff as additional security; and such rentals were in danger of being materially injured or lost to plaintiff. Other defendants in the cause were assignees of oil and gas leases on the land, under instruments originally executed by D. S. Donald, and as to which plaintiff had subordinated its deed of trust lien, subject to the terms and conditions of the leases; plaintiff claiming, as to such defendants, a termination of the leasehold interests by reason of various defaults; a failure to surrender or release by the assignee defendants, all of whom, so far as plaintiff knew, were still claiming to be owners of mineral estates in said land. Mrs. John Garrett and Oscar D. Whitesides were also party defendants, as tenants on parts of the realty. The only final relief sought in plaintiff's pleading against such other defendants was foreclosure of lien and sale of their interests in the property for payment of its debt. Plaintiff's allegations in all material particulars are supported by the court's findings of the facts adduced upon the trial.

The gravamen of appellants' complaint to the trial court's several orders herein, appealed from is, in effect: (1) The plea of privilege filed by D. S. Donald on August 19, 1938, not being controverted by plaintiff, should ipso facto have resulted in the transfer of the cause to Denton County, though the death of D. S. Donald occurred before appearance day and, therefore, prior to the statutory period within which to file controverting affidavit thereto; and, no hearing having been fixed or had on said first plea of privilege at the term of court to which defendant was cited to appear, the court lost jurisdiction and venue of the cause, except to transfer the same to the District Court of Denton County; (2) that, irrespective of the institution of the suit during the lifetime of the debtor and the chronology of events before and after his death (September 2, 1938), the appointment and qualification of executors over the estate of said D. S. Donald, deceased, and their filing of plea of privilege to be sued in Denton County, precluded the Dallas County court from asserting any further venue or jurisdiction, said executors being entitled to the sole custody of the estate; claiming the County Court of Denton County alone had jurisdiction to establish claims and foreclose liens thereon, and hence, that plaintiff should have presented its claim to said executors for allowance and collection in the probate proceedings; (3) the judgment for debt and foreclosure in the district court should have been certified to the County Court of Denton County for observance, which court had sole jurisdiction of classification and payment of claims; and the district court erred in directing a sale of the mortgaged property by the sheriff or any constable of Denton County.

■ The facts of this case are, in the main, undisputed and appellants' propositions of law predicated thereon can be disposed of briefly but explicitly by the application of well settled principles. The death of Mr. Donald, a necessary party, prior to appearance day, resulted in an immediate suspension of plaintiff's right of action. It was useless, therefore, for plaintiff to contest the first venue plea at a time when the suit had been already

suspended or abated as to D. S. Donald, subject to a revivor by recourse to the provisions of Art. 2080, R.S. After the appointment of appellants as executors, the terms of the statute became available to plaintiff, the substituted defendants having the right to assert their plea of privilege in the place and stead of the deceased.

The district court acquired primary jurisdiction of the mortgaged property by plaintiff's filing suit and taking steps toward a receivership thereof, long prior to the administration proceedings in Denton County, concerning the estate of D. S. Donald. The trial court did not err, therefore, in the appointment of a receiver upon findings of fact that such was necessary to prevent the mortgaged property and the rents and profits thereof from being lost to plaintiff. " * * * It has been decided that the statute giving an administrator the right to possession of the estate of the deceased 'as it existed at the time of death' does not authorize him to assume possession of property which was not in the possession of the decedent at the time of the death and to the possession of which he was not then entitled". 36 Tex.Jur., Receivers, p. 199; Sec. 97; Lauraine v. Ashe, 109 Tex. 69, 191 S.W. 563, 196 S.W. 501; Lauraine v. Dickson Car Wheel Co., Tex.Civ.App., 198 S.W. 1103. And, in the same text, Tex.Jur., Sec. 84, pp. 177, 178, the statement is made, supported generally by the decisions, that: "The correct rule seems to be that jurisdiction of property attaches when a receiver is appointed, or when the judge takes such action, with reference to an application for a receivership, as to indicate a determination to investigate the matter and to appoint a receiver, if the situation so warrants, at some future date. In such case the court has exclusive jurisdiction pending its investigation, when this is followed 'in due time' by the appointment of a receiver."

The plea of privilege of the executors was not filed until after the court's action on the receivership application. Even during the pendency of a plea to the venue, the court, under proper facts, is warranted in making orders for the preservation of the property and for maintenance of the status quo, such as appointing a receiver. Rex Refining Co. v. Morris, Tex.Civ.App., Dallas, 72 S.W.2d 687. Said plea of privilege was in turn properly overruled under Subd. 4, Art. 1995, Vernon's Ann.Civ.St., authorizing the joinder of nonresident defendants with resident defendants, where all are proper parties and a joint action, such as a foreclosure, is shown. First State Bank v. Hill, Tex.Civ.App., 2 S.W.2d 1023; Cantey v. City Nat. Bank, Tex.Civ.App., 95 S.W. 2d 475; Carey v. Sheets, Tex.Civ.App., 109 S.W.2d 782, 783; likewise Subd. 5 was available to plaintiff, the suit being based upon a contract performable in Dallas County and applying equally to the administrator or executor of the deceased. Quinn v. Home Owners' Loan Corp., Tex. Civ.App. Dallas, 125 S.W.2d 1063. Subd. 29a was also controlling in plaintiff's favor, all defendants in the instant case being necessary parties, as defined in Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284.

Lastly, appellants argue error in that the district court judgment provided for a sale of the mortgaged property through its own processes, the same not having been certified to the county court for observance under the terms of Art. 2222, R.S.; further, that the fact of other debts, last illness and funeral expenses, and costs of administration being assumed, the county court should have handled a sale of the property and directed the order of disbursement, as the probate tribunal alone had jurisdiction of classification and payment of claims. Here we must point out that neither the pleading of the executors nor does the proof disclose the existence of prior claims against the estate; or of any legal necessity for recourse upon plaintiff's security in such connection. On the other hand, the district court having first obtained jurisdiction, and being authorized to adjudicate all issues raised by the pleadings, could have determined and classified any such claims. Fernandez v. Holland-Texas Hypoteek Bank, Tex.Civ. App., 221 S.W. 1004, writ refused.

As to the language of Art. 2222, R.S., providing for judgments against administrators to be certified to the probate court for observance, the same is subject to well recognized exceptions. Though plaintiff's suit was principally for debt and foreclosure against the executors of the D. S. Donald estate, yet others were parties defendant, i. e., living persons, either tenants of D. S. Donald, or holding mineral interests under instruments executed by said

land owner during his lifetime. Plaintiff, being only a lien holder, had no right to cancel said leasehold interests, or to declare them terminated, the only relief sought against such other defendants being an establishment of plaintiff's prior lien. Thus, is presented a situation in which plaintiff's security is owned and held jointly by the estate of D. S. Donald and other living persons, and a right in the plaintiff to a foreclosure and sale of all the security, regardless of its joint ownership. It seems to be well established that under such circumstances, the mortgagee is entitled to have the whole of his security made the subject of one sale; and the processes of the probate court being inadequate for such purpose, the district court was empowered to execute its own decree. Controlling cases to this effect are: Jones v. Hunt, Tex.Civ.App., 60 S.W.2d 1106, writ refused; Lauraine v. Ashe, 109 Tex. 69, 191 S.W. 563, as modified on rehearing in 109 Tex. 69, 196 S.W. 501; and Lauraine v. Masterson, Tex.Civ.App., 193 S.W. 708, 711, writ refused, where is said: "In many cases, and this is especially true in this case, the court could not give that adequate and complete relief to which defendant in error is entitled unless that court directed the sale of the property. The debt and mortgage is joint and the mortgage is upon property owned in common by A. C. Allen and Mrs. Margaret Allen. Defendant in error is entitled to have the whole of the property sold to pay the entire indebtedness, and this right often is, and may be in this case, of great importance. The probate court is without power to make a sale of the whole of the property, and defendant in error cannot be required to divide his claim and security and have one portion of the judgment enforced by a sale made by the probate court and the other by sale directed by the district court. The rule which denies jurisdiction to the probate court to adjudicate the case, because of the inadequacy of the powers of such court to render a judgment adjusting the equities of the parties so as to grant full relief, necessarily denies to that court the right to enforce the judgment of the district court, by ordering and directing the mode and manner of the sale of the property, when the sale which the court has power to make would not give the defendant in error such enforcement of his judgment as is adequate and necessary to his full relief."

All of appellants' assignments and propositions have been considered and are overruled. We conclude the action of the trial court should be in all respects affirmed.

Affirmed.