**MAGNOLIA PETROLEUM CO. v.
McCLURE et al.**

No. 13202.

Court of Civil Appeals of Texas. Dallas.

July 25, 1941.

Rehearing Denied Oct. 17, 1941.

Walace Hawkins, Earl A. Brown, and Chas. B. Wallace, all of Dallas, for appellant.

Cox & Cox, of Sherman, for appellees.

BOND, Chief Justice.

This appeal is from an order appointing a receiver. The order empowers the receiver, a citizen of Grayson County, Texas, to take over the entire management and control of a 131-acre tract of land in Guadalupe County, Texas, on which there are a number of producing oil wells, which are now being, and which have been for more than ten years, operated by the Magnolia Petroleum Company. The sole ground for the appointment of a receiver is that plaintiffs have a probable interest in the fee-simple title to an undivided one-eighth of the land, and the oil and gas thereunder, and that the defendants, owning seven-eighths interest, are denying plaintiffs' title, thus refusing plaintiffs' right to possession.

■ The suit involves the setting aside of two alleged fraudulent conveyances executed by plaintiff Annie Almeda (McClure), joined by her then husband, Joe Almeda, dated August 3, 1929 and January 14, 1930, respectively, covering all of grantors' interest in the land; also the setting aside of a purported judgment of the District Court of Guadalupe County, divesting title out of Annie Almeda (McClure) and vesting title in the Magnolia Petroleum Company. The suit also involves an accounting for all oil taken from the land by the Petroleum Company, and for the title and possession of an undivided one-eighth interest in the 131 acres. The suit filed in Grayson County is, therefore, one for the recovery of land and damages, and to prevent or stay waste on land located in a far-distant county. Shell Petroleum Corp. v. Grays, 122 Tex. 491, 62 S.W.2d 113.

On the date of filing of the petition (during term time), the application for receivership was set down for trial on March 22, 1941; and, prior to such hearing, each of the defendants filed plea of privilege; the Magnolia Petroleum Company, appellant here, asked that the suit be transferred to Guadalupe County where the land is located, hence moved the court to defer hearing on the application for receivership, pending trial on its plea of privilege. The court refused to defer the hearing.

■ We think the court erred in appointing the receiver. There are neither pleadings nor proof showing an immediate urgency for the appointment of a receiver in advance of a hearing on appellant's plea

of privilege. In the absence of such showing, trial courts are not warranted in appointing a receiver in advance of hearing on a proper plea of privilege, timely filed. Rex Refining Co. v. Morris, 72 S.W.2d 687; Donald v. Bankers Life Co., 133 S.W.2d 171. In these cases, this Court held, in effect, that in the absence of a showing of such an emergency for the immediate appointment of a receiver, the court was not warranted in making the appointment. So, in this case, if it be determined on hearing of the pleas of privilege that the venue of the suit lies in the District Court of Guadalupe County, instead of Grayson County, and there is no immediate urgency for the appointment of a receiver by the court in which the suit was improperly filed, then, clearly, the District Court of Grayson County would not be authorized to appoint a receiver. That duty would rest upon the receiving court, on showing of a clear necessity for such appointment, to preserve the subject matter of the suit. Since the filing of the plea of privilege constitutes a prima facie right to have the case transferred to Guadalupe County, and since no urgency is shown for the appointment of a receiver, appellant's motion to have its plea of privilege heard prior to the appointment should have been sustained. The order of the court below is reversed and the receiver discharged.

Reversed and rendered.