PACIFIC MID-CONTINENT CORPORATION v. TUNSTILL.

No. 14338.

Court of Civil Appeals of Texas.
Fort Worth.

March 6, 1942.

Phillips, Trammell, Estes, Edwards & Orn and Kenneth H. Jones, all of Fort Worth, for appellant.

Richard Owens, of Fort Worth, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order granting a temporary injunction.

The plaintiff, W. A. Tunstill, sued the defendants, Pacific Mid-Continent Corporation, a corporation, and L. W. Frankley, the latter being described in plaintiff's pleadings as president of said corporation. Plaintiff's petition contains three counts; the first appearing to set out a claim for damages for conspiracy by said defendants to secure damages from plaintiff, the

nature of which it is not necessary to discuss here; the second appearing to be somewhat in the nature of a suit to compel specific performance of a certain written contract; and the third appearing to be a suit to recover damages for loss of sale value of certain leases and royalties belonging to plaintiff.

In said second count it is alleged, in effect, that one E. B. Busby and the defendant Pacific Mid-Continent Corporation entered into a written contract, granting Busby the right to purchase the casing in an oil well being drilled on certain lands owned by plaintiff Tunstill, under oil and gas lease to said defendant corporation, in the event said corporation should decide to abandon the well before obtaining production, and that plaintiff has acquired the rights owned by Busby under such contract; that defendants have failed and refused to allow plaintiff to purchase such casing in the ground; that defendants are threatening to, and intend to, abandon and plug the well, and dispose of the casing, and thus place it beyond the power of defendants to carry out said contract, and that such action, if carried out, will irreparably damage said well and plaintiff; that defendants are both residents of the State of California, and that the defendant Mid-Continent Corporation, although having a permit to do business in Texas, is threatening to, and intends to, withdraw from Texas in the near future and to cease doing business in Texas. The count further alleges that unless defendants are restrained from plugging the well and disposing of the casing without giving plaintiff an opportunity to purchase the casing, the value of the well and the casing will be destroyed, and that plaintiff will have no adequate remedy at law because the only property of value belonging to defendants within this state is such casing, and after such casing is disposed of by defendants, the plaintiff would not be able to collect from defendants any judgment that he might obtain against them. Plaintiff offers to pay for the casing such amount as may be found to be the actual value of said casing, either by arbitration, or by the court.

Said petition, duly verified by affidavit of the plaintiff, was filed in the District Court of Tarrant County on June 19, 1941, at which time the judge of said court endorsed thereon his fiat setting the prayer for a temporary injunction for hearing on July 12th. The defendant Frankley, who was served only with a non-resident notice in the State of California, does not appear from the transcript to have made any answer or appearance in the case. The defendant Pacific Mid-Continent Corporation filed a plea of privilege, on July 11th, seeking to remove the case to Reeves County, alleged in said plea to be the county where it had its principal office and place of business.

The transcript before us does not contain the controverting plea filed by plaintiff, but from a motion filed in this court by the appellant, which will be discussed later, it appears that the trial court later entered an order sustaining the plea of privilege, in which it is recited that the controverting plea was considered. From the entire record before us it appears that the plaintiff did file a controverting plea.

The order of events seems to have been as follows: (1) Suit was filed on June 19th. (2) The plea of privilege was filed on July 11th. (3) Pacific Mid-Continent filed an answer to the prayer for temporary injunction on July 18th, the answer stating that it was filed subject to the plea of privilege, and only after the court had announced that he would hear the injunction matter before passing upon the plea of privilege. (4) The temporary injunction was issued on July 18th, restraining Pacific Mid-Continent Corporation from removing or disposing of the casing pending further orders of the court or a trial upon the merits. (5) Plaintiff filed a plea controverting the plea of privilege. (6) Defendant Pacific Mid-Continent Corporation perfected its appeal from the temporary injunction order by filing an appeal bond on August 6th. (7) The trial court sustained the plea of privilege on December 20, 1941.

We further know, from matters coming before us in another proceeding, that plaintiff Tunstill undertook to appeal from the order sustaining the plea of privilege, but failed to file his transcript and statement of facts within the time required by Rule 385 of the new rules of procedure.

Appellant, the Pacific Mid-Continent Corporation, relies upon four points for reversal, which will be mentioned and discussed in the order they appear in its brief.

1. Appellant asserts that the trial court had no jurisdiction to issue the temporary injunction after appellant filed its plea of

privilege, citing such cases as Craig v. Pittman & Harrison Co., Tex.Com.App., 250 S.W. 667; Brooks v. Wichita Mill & Elevator Co., Tex.Civ.App., 211 S.W. 288; Galbraith v. Bishop, Tex.Com.App., 287 S. W. 1087; and also the cases of Shell Petroleum Corporation v. Grays, 122 Tex. 491, 62 S.W.2d 113; and Ledger Co. v. Tweedy, 5 Cir., 69 F.2d 198.

With the exception of the two cases last mentioned, the cases cited by appellant all involve attempts of the trial court to render judgment upon the merits without passing upon the plea of privilege. In the opinions in those cases will be found remarks to the effect that the trial court loses jurisdiction, after the filing of the plea of privilege and until it is controverted, to render any judgment except ·to transfer the case. We have no quarrel with the decisions in such cases, but are of opinion that they are not in point upon the question before us.

■ A temporary injunction "is merely a provisional remedy allowed by the court before the trial of the case on the merits· for the sole purpose of preserving the subject matter of the controversy as it existed at the time the suit was instituted. In other words, a temporary injunction merely preserves the status quo until final hearing. * * *" 24 Tex.Jur. 19.

■ It is issued at a time when the trial court does not yet know what may be the final outcome of the suit, or which party may ultimately recover. And he may not yet know the proper venue of the case. If he may issue the temporary injunction before he knows with certainty that the plaintiff is entitled to the relief he seeks, surely he may issue the injunction without having to wait until he knows with certainty where the venue lies. If a controversy over venue may deprive the court of authority to preserve the status quo until final hearing, then the whole purpose of the law permitting the issuance of temporary injunction may be defeated. All that a defendant would have to do in any case to escape the restraining influence of the court would be to file a plea of privilege. In many cases he could complete the damage sought to be prevented before the court could pass upon the venue question. In the present case, for some reason not reflected by the record before us, hearing on the venue question was delayed from July. until December. To describe the situation thus presented is to illustrate its necessities. It is no answer to say that the plaintiff could obtain the required relief by filing suit in the county having venue. The question of venue is often a disputed one, more especially if there are two or more defendants residing in different counties. We cannot hold that the remedies of temporary injunctions are unavailable simply because there is a contest over venue.

Appellant cites the cases of Shell Petroleum Corporation v. Grays, 122 Tex. 491, 62 S.W.2d 113, and Ledger Co. v. Tweedy, 5 Cir., 69 F.2d 198. We cannot accept either decision as authority for the proposition advanced by appellant in the case before us.

In the Shell case both the Court of Civil Appeals at Waco, and the Supreme Court, by adopting the opinion of the Commission of Appeals, held that the trial court erred in appointing a receiver, after he had erroneously overruled the plea of privilege.. We read with interest, however, a later opinion of the Waco Court of Civil Appeals, speaking through Justice Alexander, in the same case. Shell Petroleum Corporation v. Grays, Tex.Civ.App., 87 S.W.2d 289, writ dismissed in 131 Tex. 515, 114 S.W.2d 869. After the decision by the Supreme Court, the trial court discharged the receiver, and allowed him a fee of $7,500, from which latter action an appeal· was taken. It was urged that, in view of the Supreme Court ruling, the trial court had lost jurisdiction to enter the order allowing the payment of the fee to the receiver. The Court of Civil Appeals held that the trial court did retain jurisdiction to handle or administer· the property pending the appeal, and necessarily had the right to make such interlocutory orders as were necessary to preserve the property involved and the rights of the parties therein. We are in accord with the holding. Reference is made to Justice Alexander's opinion, for reasons supporting this view of the trial court's jurisdiction to make such interlocutory orders.

For further support of our views we refer to opinions of the Dallas Court of Civil Appeals in Rex Refining Co. v. Morris, Tex.Civ.App., 72 S.W.2d 687; Donald v. Bankers Life Co., Tex.Civ.App., 133 S. W.2d 171, writ dismissed, judgment correct, and McKinney v. Texas Life Ins. Co., Tex. Civ.App., 143 S.W.2d 789, writ dismissed, judgment correct.

■ A trial court loses jurisdiction of a case, generally speaking, after an appeal is taken. But it is elementary that it may under proper circumstances make interlocutory orders to preserve the property pending the appeal. It has even been held that a court other than the one in which the suit was tried may do this, in certain cases. Houston Oil Company v. Village Mills Co., 109 Tex. 169, 202 S.W. 725, construing what is now Art. 4642, R.C.S.

Appellant cites Ledger Co. v. Tweedy, 5 Cir., 69 F.2d 198, in support of his contention that the trial court had no jurisdiction to issue the temporary injunction after the filing of the plea of privilege. We do not accept the case as authority for such proposition. In the case cited, the holding appears to us to be predicated not alone upon the fact that a plea of privilege was filed, but also upon the fact that it was not controverted, and the fact that no judgment had been rendered in the state court establishing the attachment lien. While we agree with the result reached in that case, we are not prepared to approve of all that is said in the opinion. It seems to us that the real reason for holding that no attachment lien had been established, such as could be enforced in the bankruptcy court, was the fact that no judgment had been rendered in the state court adjudicating a lien in favor of the plaintiff growing out of the attachment levy.

■ 2. Appellant argues that plaintiff had a plain and adequate remedy at law, suggesting that attachment, or possibly sequestration, was available to plaintiff. We do not consider that the facts of the case support this contention. The trial court could have justifiably found, from the record, that plaintiff's object in seeking to enforce the contract was to purchase the casing in place, in the well. Plaintiff contended that the well was producing gas, and that to remove the casing would ruin the well. If such was true, neither attachment nor sequestration of the casing, as personal property, would afford plaintiff the desired relief, since that would contemplate reduction of the casing to the possession of the sheriff by removing it from the well, the very contingency which the plaintiff sought to avoid. As is held by the authorities, including our Supreme Court in Rogers v. Daniel Oil & Royalty Co., 130 Tex. 386, 110 S.W.2d 891, it is not enough that a remedy at law is provided, but such remedy must be complete and adequate. It would avail plaintiff nothing to establish upon the trial on the merits his right to purchase the casing in place, in order to preserve the well, if the casing be removed before the trial.

■■ 3. The third point relied upon is that plaintiff proved no such right, title or interest in the oil well casing involved as would entitle him to enjoin its removal. The contract as originally made was between defendants, on the one hand, and E. B. Busby, a son-in-law of plaintiff, on the other. Plaintiff testified that Busby had transferred his rights under the contract to plaintiff, that the assignment was in writing, that plaintiff had it in his possesson, but that he was unable to find it at the time of the trial. Appellant urges that no proper predicate was laid for the introduction of the secondary evidence of the assignment. The question of the sufficiency of the predicate laid for the admission of the secondary evidence being one addressed largely to the discretion of the trial court, we are not inclined to hold that there is a showing of such abuse of that discretion as would warrant a holding that reversible error has been committed. See 22 Corpus Jur. 1052 for a statement of the rule, and see also 17 Tex.Jur. 498, and authorities there cited.

■ 4. Appellant urges, as his fourth point, that the alleged contract violates the statute of conveyances, Vernon's Ann.Civ. St. art. 1288, and was therefore inadmissible in evidence. The contract between Busby and the defendants was signed by the plaintiff Tunstill, as attorney-in-fact for Busby. Plaintiff testified that he had a power of attorney from Busby, and that he showed it to Frankley, the president of the Pacific Mid-Continent Corporation, but he did not introduce it in evidence, nor had it been filed for record. There was no testimony that the power of attorney had been destroyed or lost.

Neither the defendant Frankley nor any other agent or officer of the Pacific Mid-Continent Corporation testified at the injunction hearing. We believe the record contains evidence from which the trial court could have found that the defendants accepted the contract as it was executed, and acted, to some extent, under it.

■■ The granting or refusal of a prayer for a temporary injunction rests largely within the discretion of the trial court. 24 Tex.Jur. 313, and authorities there.

cited. We have carefully reviewed the record, and do not feel warranted in holding that there is shown an abuse of such discretion. Defendants introduced no evidence whatever to show that the granting of a temporary injunction would cause them any damage. Plaintiff introduced evidence from which it could reasonably be found that he would unjustly suffer great harm from a removal of the casing, if it should later appear from a trial on the merits that his contentions were sustainable.

Appellant has lately filed a motion urging us to reverse the order granting the temporary injunction, and to render judgment here dissolving the injunction, in view of the fact that the trial court sustained the plea of privilege on December 20, 1941, and that plaintiff failed to file the record on appeal from such order in this court within the time required by Rule 385, of the new rules of procedure, citing as authority the holding in Shell Petroleum Corporation v. Grays, 122 Tex. 491, 62 S.W.2d 113. For reasons which are suggested in the early part of this opinion, such motion is overruled.

The procedural mechanics of the transfer of the case from one district court to the other should not be allowed to produce such hiatus as would render the injunctive relief ineffectual.

The judgment of the trial court is affirmed.