**W. C. HUFFAKER, Jr. and Dorman Scott,**
**Appellants,**

**v.**

**LEA COUNTY ELECTRIC COOPERATIVE, INC., Appellee.**

**No. 7035.**

Court of Civil Appeals of Texas.

Amarillo.

March 20, 1961.

Rehearing Denied April 10, 1961.

Calloway Huffaker and Harold Green, Tahoka, for appellants.

New & Townes, Denver City, for appellee.

NORTHCUTT, Justice.

On June 23, 1960, Lea County Electric Cooperative, Inc., hereafter referred to as appellee brought this action complaining of W. C. Huffaker, Jr. and Dorman Scott, hereafter referred to as appellants. Appellee desired to construct its transmission line poles in a county road right-of-way which extended along the north line of Huffaker's land. Mr. Huffaker owned the north half of Sec. 455 in Block D of the

John H. Gibson Survey in Yoakum County, Texas. Mr. Scott was in possession of said premises as a tenant and farming the same. It is appellee's contention that it desired to construct its transmission lines upon and along the county road here in question but was prohibited from doing so by the appellants. Appellee brought action to restrain appellants from interfering with such construction. The court entered its fiat restraining the appellants from interfering in any manner with the operations of appellee upon any portion of the land here mentioned as the county road way. Said fiat further provided that appellee's application for temporary injunction effective until final decree herein was to be heard at 2:00 P.M. on the 28th day of June, 1960, in the District Court Room in the Courthouse, Plains, Texas. Appellee filed bond as required under the terms of the court's fiat. At 1:45 P.M., June 28, 1960, Mr. Huffaker filed his plea of privilege and at the same time appellant's original answer was filed. The court after hearing all the evidence entered its order that appellants be temporarily enjoined until final decree be made from interfering with appellee in its construction of its transmission lines and also overruled Mr. Huffaker's plea of privilege. Since this appeal is presented upon the ground the court erred in overruling the plea of privilege as well as to other assignments we think that a portion of the court's order should be set out here in full as follows:

"On the 28th day of June, 1960, at 2:00 P.M. came on to be heard by the Court the above entitled and numbered cause, wherein Lea County Electric Cooperative Inc. is Plaintiff and W. C. Huffaker, Jr., and Dorman Scott are Defendants, and came the parties in person and by and through their attorneys of record and announced ready for trial upon a Plea of Privilege of the Defendant, W. C. Huffaker, Jr., and for the trial of the hearing on the temporary injunction, it being stipulated by the parties that said two matters may be heard and determined at the same time by the Court, but that the hearing thereof would in no manner waive the Plea of Privilege of the said W. C. Huffaker, Jr.

"And the Court having reviewed the evidence finds that Plaintiff duly filed its Petition seeking a temporary restraining order against Defendants, duly verified, on the 23rd day of June, 1960. That the Court issued its fiat, issued its Writ for a Temporary Restraining Order, and Plaintiff duly filed its bond in the amount ordered by the Court. That such Petition, Fiat, Writ and Bond were duly served on Defendants on the 25th say of June, 1960.

"It further appearing to the Court that the Defendant, W. C. Huffaker, Jr., duly, timely and properly filed his said Plea of Privilege to be sued in Lynn County, Texas, the county of his residence, such Plea of Privilege having been filed on the 28th day of June, 1960, and that a copy of said Plea of Privilege was served upon the attorneys of record for the Plaintiff, Lea County Electric Cooperative Inc. by the actual delivery in person to them on said date of 28th day of June, 1960, and prior to the commencement of the hearing of this cause, and the Court having heard and considered such Plea of Privilege and the testimony and evidence of the witnesses, and of the parties hereto, and is of the opinion that such Plea of Privilege should be in all things overruled, and that a temporary injunction should be issued pending the final hearing of this cause, enjoining Defendants to desist and refrain from interferring with Plaintiff, its servants, agents, representatives and contractors from going upon any portion of the land in Yoakum County road right of way described in Plaintiff's petition, for the

purpose of constructing their transmission line and carrying out their operations therein described and the Court further finds that unless Defendants are so restrained, Plaintiff will suffer immediate and irreparable damage and loss and denial of its rights, in not going on said tract of land, and injury and damage will result to Plaintiff.

"The Court further finds that Plaintiff seeks to locate its transmission line in a road right of way, which road right of way is established by an easement by prescription, and is a county road, of the County of Yoakum, in the State of Texas. That said transmission line of Plaintiff's is located within a right of way that has been established and in open and notorious use for a period of in excess of ten years prior to this action. That Plaintiff has a legal right to locate its poles and lines within said county right of way.

"It is therefore accordingly ordered, adjudged and decreed by the Court that the Plea of Privilege of the Defendant, W. C. Huffaker, Jr., be and the same is hereby overruled and that Defendants W. C. Huffaker, Jr., and Dorman Scott be, and they are hereby temporarily enjoined until final decree is made in this cause, from interferring with Plaintiff Lea County Electric Cooperative, Inc. or its servants, agents, employees or representatives and contractors, in any manner, from going upon any portion of that certain strip of land extending along the North end of Section 455, Block D. of the John H. Gibson Survey, in Yoakum County, Texas, which is in use by the County of Yoakum for road purposes, and which right of way is defined as having a South line identified by a road maintenance blade line. That Plaintiff shall locate its poles as the pole locations are shown in the plat of Plaintiff's, identified as their Exhibit "1" in the record of this cause, or at points North of said locations, but always within the County road right of way as identified by the road maintenance blade line. Said pole locations are further identified by stakes as shown by Plaintiff's Exhibits Nos. '2' through '9', in the record of this cause."

From this order appellants perfected this appeal.

■ Appellants' first two points of error deal solely with the plea of privilege filed by Mr. Huffaker. It is contended because appellee did not file a controverting plea that all the court could do was to transfer the case to Lynn County so far as Mr. Huffaker was concerned. We are familiar with Rule 86 of Texas Rules of Civil Procedure and the holdings as to require controverting pleas but we cannot believe that rule would apply under this record. This was a hearing as to a temporary injunction which hearing was set for 2:00 P.M. and the plea of privilege was filed 15 minutes before the hearing started. The order shows the appellants and appellee announced ready for trial upon the plea of privilege and for the trial of the hearing on the temporary injunction. It was stipulated by the parties that the plea of privilege and the hearing on the temporary injunction both might be heard and determined at the same time by the court but that the hearing thereof would in no manner waive the plea of privilege of Mr. Huffaker. The court heard both matters and overuled the plea of privilege. Under Rule 86 appellee would have had ten days to controvert the plea of privilege.

Art. 4656 of Vernon's Ann.Texas Civ.St. in injunction suits provides:

"If there be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile."

It is undisputed that Mr. Scott was a party in this action against whom the writ was granted and that his domicile was in Yoakum County. Regardless of the statement in the order granting the temporary injunction that hearing would in no manner waive the plea of privilege of Mr. Huffaker, we think Mr. Huffaker waived all formalities as to the hearing on the plea of privilege and submitting such hearing thereon to the court and the plea of privilege was not waived but was passed upon by the court. It is stated in the case of Magnolia Petroleum Co. et al. v. State, Tex.Civ.App., 218 S.W.2d 855, 858 (Writ refused, N.R.E.):

"[6] We can only add to what has been said in the above authorities that a party against whom injunctive relief may be sought and which cannot be granted without notice, except in extraordinary cases, should not and, in our opinion, does not have the right to destroy the constitutionally given power of district courts to issue writs of injunction by filing a piece of paper called a plea of privilege.

"If this were so, then it would not infrequently happen that when the plea of privilege was finally determined there would be nothing to enjoin and nothing to try or transfer."

We overrule appellants' first two points of error.

Appellants present their points of error three to seven both inclusive under one submission. These points contend the court erred in granting the temporary injunction because the appellee sought relief in order to erect its line at a point where it's crossarms and lines would hang over appellants' property and such order constitutes a taking by injunction instead by way of eminent domain; constituted a taking of property without adequate compensation and without requiring prepayment for such taking, and was acquiring a right-of-way by way of injunction when the exclusive remedy for such action is by way of eminent domain.

Art. 1436a of V.A.C.S. of the State of Texas grants certain companies the right to erect, construct, maintain and operate lines over, under, across, upon and along any state highway or county road in this state. It was admitted that appellee came within the terms of said statute. The order entered by the trial court stated that the appellee had a legal right to locate its poles and lines within said county right-of-way and ordered that the same should be located always within the county road right-of-way as identified by the road maintenance blade line. This was not an action to secure the right to construct and maintain a power line over, upon and along the county road in question but was an action to restrain appellants from interfering with such construction. Since the pleadings and evidence present a probable right and probable injury, the trial court was clothed with broad discretion in determining whether to issue the writ and we are of the opinion that there was no abuse of discretion in the issuance of the writ. Transport Co. of Texas et al. v. Robertson Transports, Inc., et al., 152 Tex. 551, 261 S.W.2d 549, by the Sup.Ct. and the cases there cited. We overrule appellants' points of error three to seven both inclusive.

The remaining points of error question the constitutionality of Art. 1436a and the right of appellee to construct and maintain its line upon the county road in question. Bearing in mind the order of the court providing the appellee should always locate its poles within the county road right-of-way, we are of the opinion appellee had the right under Art. 1436a to construct its line within the county road and that Art. 1436a is not unconstitutional. City of Mason v. West Texas Utilities Co., 150 Tex. 18, 237 S.W.2d 273, by the Sup. Ct. See also State v. City of Austin, Tex., 331 S.W.2d 737, where the public policy of the state is discussed as concerning Art.

1436a as well as other articles. Appellants' points of error eight to twelve both inclusive are overruled. Under this record, we are of the opinion the trial court did not err in granting the temporary injunction. Judgment of the trial court is affirmed.