

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

November 17, 1969

CRAWFORD C. MARTIN
ATTORNEY GENERAL

Dr. George J. Beto, Director                Opinion No. M- 508
Department of Corrections
Huntsville, Texas  77340                    Re:  Whether the Texas
                                                 Board of Corrections
                                                 must collect from
                                                 public utilities a
                                                 fair consideration
                                                 for placing public
                                                 utility lines on or
                                                 across existing public
                                                 roadways traversing
                                                 State land under the
                                                 control of the Depart-
                                                 ment of Corrections,
Dear Dr. Beto:                                   and related question.

        In your request for opinion of this office, you present
the following questions:

    1)    Is the Texas Board of Corrections obligated
          to collect and must public utilities pay a
          fair and adequate consideration for placing
          public utility lines in, on, along, over or
          across existing public roadways which trav-
          erse State-owned land which is under the
          custody and control of the Texas Department
          of Corrections?

    2)    May the Texas Board of Corrections, in the
          grant of a public roadway easement, limit
          the use of such easement to roadway purposes
          only and reserve the exclusive right to grant
          public utility easements in, on, along, over
          or across such roadway easement?

        Section 1 of Article 6203d, Vernon's Civil Statutes,
authorizes the Texas Board of Corrections, with consent of
the Governor and Attorney General, to:

        ". . . grant permanent and temporary right-of-way
        easements for public highways, roads and streets,
        and ditches, and for electric lines and pipelines
        consisting of wires, pipes, poles and other neces-
        sary equipment for the transmission or conveyance

-2434-

of, or distribution of, water, electricity, gas,
oil or other similar substances or commodities,
. . . along, across and over any and all lands
now owned by the State of Texas as a part of the
Penitentiary System, . . ."

Section 2 of the same Article provides that ". . . such
grants and leases shall be executed only upon a fair and ade-
quate consideration. . . ."

However, public utilities - including telephone, telegraph,
water, gas and electric corporations - are given express legis-
lative authority by virtue of such Articles as 1416, 1433, 1436a
and 1436b, Vernon's Civil Statutes, to lay their lines along, over
and across public streets and highways within the State.

The Court in Jones v. Carter, 101 S.W. 514 (Tex.Civ.App.
1907, error ref.) stated at page 516:

". . . Light, sewers, gas, and waterworks are
among the common necessities of modern cities,
and it is a matter of common knowledge that such
plants cannot be constructed and operated without
running the lines and mains along or across the
streets. They are some of the common uses to
which streets are necessarily devoted."

It has been recognized further that it is in the public
interest to receive utility services; therefore, public utilities
are authorized to use the streets and highways. State v. City of
Austin (State v. City of Dallas), 160 Tex. 348, 331 S.W.2d 737
(1960).

The Legislature acting for the State has primary and
plenary power to control public roads and streets. Recog-
nizing this proposition, the Court in State v. City of Dallas
(State v. City of Austin), 319 S.W.2d 767 (Tex.Civ.App. 1959,
aff. 331 S.W.2d 737) said at page 773:

"There can be no question but that the Legis-
lature can lawfully permit cities and private
corporations to place facilities in streets
and highways to provide essential utility
service for the public, . . ."

The Legislature has seen fit to grant direct statutory
authorization to public utilities to use public roads and

highways. Some such authority is found in Articles 1416, 1433, 1436a and 1436b, Vernon's Civil Statutes. It would therefore appear that Article 6203d, Vernon's Civil Statutes, would be rendered inapplicable to the question presented, since no additional grant of an easement would be necessary in order to entitle public utilities to take advantage of the right-of-way of existing public roadways. Accordingly, the Texas Board of Corrections would not be obligated to collect, nor public utilities required to pay, for placing lines in, on, along or across existing public roadways traversing State land under the custody and control of the Texas Department of Corrections.

Question 2 relates to the power of the Texas Board of Corrections to grant an easement for roadway purposes, while reserving the exclusive right to grant public utility easements along and across the roadway easement.

It has been held that the erection of telephone poles and wires along a public street or highway does not impose an additional servitude upon the highway so as to require the public utility to condemn the land of the street for that purpose. Roaring Springs Town-Site Co. v. Paducah Telephone Co., 164 S.W. 50 (Tex.Civ.App. 1914, aff. 212 S.W. 147). It has further been held that the statute so authorizing is constitutional, though no additional compensation is provided. Huffaker v. Lea County Electric Co-operative, 344 S.W.2d 915, 918 (Tex. Civ.App. 1961, error ref. n.r.e.); accord, Continental Pipe Line Co. v. Gandy, 162 S.W.2d 755, 757 (Tex.Civ.App. 1941, error ref. w.o.m.)

In Roaring Springs Town-Site Co. v. Paducah, 109 Tex. 452, 212 S.W. 147 (1919), an attempt had been made to dedicate streets and alleys in a townsite for public use, while reserving exclusive right to grant, for valuable consideration, the right to use the streets and alleys to construct telephone, telegraph, electric wires and poles, and gas, water and sewer mains. The Court held that under the public policy of the State, a public utility corporation had the authority to construct and maintain its poles and lines along the streets and alleys dedicated for public use. The Court stated at page 148:

> ". . . the attempt to reserve . . . a right in-
> consistent with such authority cannot be upheld.
> For the general rule that the dedicator may
> impose such restrictions as he may see fit on
> making a dedication of his property is subject
> to the thoroughly established limitation that
> the restriction be not repugnant to the dedica-
> tion or against public policy. . . ."

The Legislature, by virtue of Articles 1416, et seq., has authorized public utilities to place their lines in, over, along and across public streets and roads within the State. Such authorization is not restricted to roads and highways to which the State or County owns the fee. Continental Pipe Line Co. v. Gandy, 162 S.W.2d 755, 757 (Tex.Civ.App. 1941, error ref. w.o.m.).

Therefore, by applying the same reasoning advanced in the Roaring Springs Town-Site Co. case, the attempt to reserve exclusive right to grant a public utility easement over a roadway easement would be inconsistent with the direct legislative grant of authority to public utility companies to lay their lines over, along and across any public road, street or highway within the State.

Accordingly, question 2 is answered in the negative. The Texas Board of Corrections is neither authorized nor entitled to limit the use of a public roadway easement to roadway purposes only, while reserving the exclusive right to grant public utility easements in, on, along, over or across such roadway easement.

## S U M M A R Y

Public utilities, by virtue of the direct legislative grant of Articles 1416, 1433, 1436a, 1436b, and other similar Statutes, are authorized to place their facilities within the right-of-way along public roads, streets and highways in this State. Therefore, the Texas Board of Corrections is not obligated to collect nor must public utilities pay for placing their lines in, on, along, over or across existing public roadways which traverse State-owned land under the custody and control of the Texas Department of Corrections.

Accordingly, the Texas Board of Corrections is without power to reserve, in the grant of an easement for public roadway purposes, the exclusive right to grant public utility easements over such public roadway easement.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by DONALD JONES
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

John Reeves
Harold Kennedy
Roger Tyler
Ronald Luna

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant