## STORY v. STORY et al.

### No. 13403.

Court of Civil Appeals of Texas. Dallas.
April 9, 1943.

Rehearing Denied June 4, 1943.

See, also, Tex.Civ.App., 154 S.W.2d 881.

Ross M. Scott and E. P. Bryan, both of Dallas, for appellant.

Biggers, Baker & Lloyd, of Dallas, for appellees.

LOONEY, Justice.

Isaac B. Story, as administrator of the estate of Shelton A. Story, deceased, and Isaac and the other children and heirs of the deceased by a former marriage, brought this action against Ella C. Story, surviving widow of the deceased, for damages, both actual and exemplary, and for injunctive relief, both temporary and permanent. On hearing, the court granted the temporary injunction sought, restraining appellant from making any claim or claims against appellees or the estate of Shelton A. Story; from molesting, harassing and interfering with the handling of the estate; from employing counsel, agents or solicitors to file or prosecute a claim of any kind against said estate, and from going about any property belonging thereto; from which order, this appeal was prosecuted.

The material facts are these: Shelton A. Story, who died in 1940, and Ella C. Burton, the appellant, were married in 1936. After the death of Mr. Story, a mass of tangled and confusing litigation ensued,—not unusual in such circumstances. Appellees had filed suit to annul and set aside a decree divorcing Ella from her former husband, Walter Burton, granted a short time before her marriage to Shelton A. Story, the obvious purpose of which was to show that she and Shelton A. Story were never legally married. Appellant had also filed for probate two wills allegedly executed by Mr. Story, which were vigorously contested by appellees. She had been allowed $5,000 for one year's support, which was controverted and had not become final. In this status, the parties made a settlement; the allowance of $5,000 for one year's support was permitted to become final and, in consideration of its payment, appellant assigned to appellees the judgment against the estate, and, as contended by them, executed an instrument in writing, by which she assigned, conveyed and transferred to them all and singular her right and interest in and to all properties belonging to the estate, and releasing all her claims against same. Appellant controverts this contention, employed attorneys and is now asserting a claim for homestead and personal property exemptions or allowances in lieu thereof, and, it appears, without the consent or knowledge of appellees, moved into and is claiming the right to occupy the property belonging to the estate, situated in Glen Rose, Somervell County, Texas, and refuses to vacate same, thus casting a cloud upon its title, is interfering with and, in fact, her occupancy of the property defeated a profitable sale of same by the administrator.

Appellant filed a plea of privilege to be sued in Somervell County. The time for contesting same had not elapsed when hearing was had on the application for temporary injunction.

In disposing of the appeal, we will refrain from expressing any opinion in regard to the merits of the controversy; but after reviewing the record, simply hold that appellant failed to show that the court abused its discretion in granting the writ. We overrule her contention that the court erred in granting the writ before hearing and passing upon her plea of privilege. The plea was not ripe for contest at the time; the court had not been ousted of jurisdiction, hence, in our opinion, was authorized to make the interlocutory order granting the writ. See Rex Refining Co. v. Morris, Tex.Civ.App., 72 S.W.2d 687; Donald v. Bankers Life Co., Tex.Civ.App., 133 S.W.2d 171; McKinney v. Texas Life Ins. Co., Tex.Civ.App., 143 S.W.2d 789, and Pacific Mid-Continent Corp. v. Tunstill, Tex.Civ.App., 159 S.W.2d 908.

We also overrule appellant's contention that the effect of the temporary writ was to change the status quo and accomplished the main purpose of the suit. The property in question was in possession of the administrator, through his tenant, when, without the knowledge or consent of the administrator, appellant became an intruder, taking possession under circumstances that, in effect, constituted a trespass. The operation of the writ, in our opinion, will restore and maintain, rather than disturb, the status quo. See Houston Funeral Home v. Boe, Tex.Civ.App., 78 S.W.2d 1091.

We are of opinion, however, that the writ was given a wider scope than justified; hence the judgment below will be modified by mandatorily requiring appellant to vacate and restore the premises in Glen Rose to the administrator, and, pending final disposition of the case, to desist from intruding into any other property belonging to the estate, or from taking possession of same, and to refrain from interfering with

the possession and management of said properties by the administrator; and, as thus modified, the judgment below is affirmed.

Affirmed.

BOND, Chief Justice (dissenting).

I am not in accord with the holding of the majority. The issuance of a temporary writ of injunction implies an urgent necessity which impelled the judge, in the exercise of his power to prevent a wrong, to hold the matter in litigation in statu quo. An injunction is not a remedy which can be used for the purpose of recovering possession of property, and it is not the function of a preliminary injunction to transfer possession of land from one person to another, pending an adjudication of title, except in cases in which the possession of another has been forcibly or fraudulently obtained and the equities are such as to require that the previous possession thus wrongfully invaded be restored, and the original status of the property preserved, pending the decision of the issue of title. Hodges v. Christmas, Tex.Civ.App., 212 S.W. 825. See Houston Funeral Home v. Boe, Tex.Civ.App., 78 S.W.2d 1091.

Appellees' petition (paragraph 3) expressly alleges "That said defendant has moved into and attempted to take over the property belonging to the estate of said Shelton A. Story, which property is located at Glen Rose, Texas, and the said plaintiff, Isaac B. Story, Administrator, has filed a forcible entry and detainer suit in the Justice Court of Glen Rose, Texas, requesting the said defendant to give up possession, but said defendant has refused and has employed an attorney at Glen Rose, * * * and an attorney at Dallas, Texas, to represent the defendant and prevent her removal from property to which she has no right, or claim, or interest." And then again, in paragraph 6, it is alleged: "That the Honorable Judge of the Probate Court, being a special judge in the cause of Shelton A. Story, deceased, to-wit, John Erhardt, has ordered defendant to remove herself and her possessions from the property at Glen Rose, Texas, and from any property belonging to said estate, but said defendant has failed and refused to do so, but has instead employed counsel to appeal the orders of court so ordering her to vacate the property at Glen Rose." Under the alleged facts, it can hardly be said with any degree of certainty that should control in matters of this kind, that the possession of the property should not be retained by appellant, pending determination of the issue of possession involved in the two pending suits.

It is a fundamental equity rule, recognized by all courts of this State, that extraordinary writs of injunction ought not to be granted where there is a plain, adequate and speedy remedy at law. This rule becomes applicable when a prior pending action identical in substance and purpose, will afford full relief. To grant an injunction in a separate and independent suit, in order to assert a right which is, or might be, claimed in a prior pending action, would be productive of multiplicity and vexation. There can be no question but that the two actions brought by plaintiff, one in the probate court in which the administration is pending, and the other, the statutory remedy of forcible entry and detainer to remove defendant as a trespasser, if such she is, are plain, adequate and speedy remedies to accomplish the purpose intended by the subsequent injunction proceedings. But, be that as it may, plaintiff, having elected to pursue his legal remedies to accomplish the same result which he now seeks by injunction, is bound to pursue those remedies even though a writ of injunction would be more adequate. The two suits being full, adequate and speedy statutory remedies, and no reason having been shown why either or both may not be tried in the courts where pending, no need for an injunction is apparent. It is a settled rule that injunctions are available only when there is an imperative need. In reason, if, by the temporary injunction, the object of the suit is accomplished—defendant removed from the premises in Glen Rose—then certainly the subject-matter of the two pending suits would become moot.

The temporary injunction is far-reaching; it restrains the defendant from molesting, harassing, and interfering with the handling of the Story estate in which she was an interested party—wife of the deceased—and from employing any counsel, solicitor, or agents to file or prosecute a claim of any kind against the estate and from coming about any property belonging to the estate. Obviously, the injunction prevents the defendant from prosecuting or defending the two suits brought by the administrator, as well as all other suits that may be brought by or against the

estate in which she may be a party. I am of the opinion that the trial court, in the exercise of its power to prevent a wrong, was not justified to stalemate defendant in her property rights and remove her from possession of the property involved in the suits. From plaintiff's petition and evidence adduced on trial, clearly there was no urgent necessity for the issuance of the temporary injunction, and certainly not for mandatory injunction as directed by the majority, in the absence of pleading and some such order granted or refused in the court below. The action of the court shows inconsistent and irreconcilable conclusions: On the one hand, the court, in effect, says that a temporary injunction was imperative to prevent irreparable injury; and on the other hand, that the acts and injuries complained of might well be protected by supersedeas bond. The trial court allowed defendant to supersede the temporary injunction by filing a supersedeas bond on appeal. Indeed, if the acts of defendant impelled restraint in advance of trial, such must be held vulnerable on appeal and not susceptible to supersedeas. In granting appellant the right to supersede, evidently the trial court concluded that the acts complained of did not justify the order of restraint; and, certainly, not the extraordinary, temporary, mandatory injunction directed by the majority of this court to remove defendant from possession of the property at Glen Rose, thus change the status quo and accomplish the main purpose of the suit.

It will be observed from the judgment of the trial court from which this appeal was prosecuted, that no mandatory injunction was granted or refused, requiring appellant to vacate and restore the premises in Glen Rose to appellees. The judgment recites appellees' application for the temporary injunction only, and directs that "defendant, Ella C. Story, be temporarily enjoined and restrained from making any sort of claim or claims of any kind against the said plaintiffs or the estate of the said Shelton A. Story, deceased, and from further molesting, harassing, and interfering with the handling of said estate and from employing any counsel, agent, solicitors, or agents of any kind to file or prosecute a claim of any kind against said estate or property and from coming about any property belonging to said estate, * * *". The judgment of the trial court does not direct a mandatory injunction

writ to remove appellant from the premises at Glen Rose in advance of trial of the cause; hence, in absence of such mandatory order directed by the trial court, this court, on appeal, is without jurisdiction to reform or correct the judgment by changing the status quo of the subject-matter of the suit by removing appellant therefrom. An appellate court has no such power to issue mandatory injunctions, except to preserve the subject-matter of a suit on appeal, or enforce its jurisdiction, where jurisdiction attaches; and certainly an appellate court cannot by such injunction change the status quo of the subject-matter of a suit in advance of trial.

The record in this case shows that appellant, Ella C. Story, and Shelton A. Story were married in 1936. At the time of such marriage, Shelton A. Story owned the Glen Rose property. It was rented at the time and appellant then began to collect the rents and continued such collections until his death in 1940. In the administration of his estate, Isaac B. Story was duly appointed administrator, and, in the course of many litigations, the widow was permitted to continue the collection and retention of rents from the Glen Rose property. In 1942, the exact date is not shown, appellant moved into the Glen Rose property, using and occupying it as her home, and was so using it at the time of the filing of this suit for injunction. The administrator (appellee) was never in actual possession of the property, either in person or by tenants, unless it can be said that perforce of a contract entered into out of court by the parties, appellee was put in constructive possession. The contract is in suit, and until the rights of the respective parties are determined, it can hardly be said that the administrator of the estate had possession, and that appellant was a trespasser, or that she obtained possession by force or fraud as to give rise to a court of equity to grant a temporary mandatory injunction to place the property in possession of the administrator, pending decision of the issue in suit.

I am of the opinion that the arbitrary mandatory injunction by this court, removing appellant from possession of the property in suit, and directing that it be turned over to the administrator, changes the status quo of the subject-matter and makes the two prior actions to become moot, perforce of the injunctions. For the reasons stated, the judgment of the court below

should be reversed and judgment here rendered dissolving the temporary injunction.

On Rehearing.

LOONEY, Justice.

In our original opinion, among other things, we said: "We also overrule appellant's contention that the effect of the temporary writ was to change the status quo and accomplished the main purpose of the suit. The property in question was in possession of the administrator, through his tenant, when, without the knowledge or consent of the administrator, appellant became an intruder, taking possession under circumstances that, in effect, constituted a trespass. The operation of the writ, in our opinion, will restore and maintain, rather than disturb, the status quo. see Houston Funeral Home v. Boe, Tex.Civ. App., 78 S.W.2d 1091."

In her motion for rehearing, appellant states that, "If the above statement of the court were correct, then the findings of the court would be correct; but the above statement of the facts are in conflict with the undisputed evidence"; at another place in the motion, appellant states: "But on the contrary the facts show that appellant had been for many years in possession of this property by tenants, and to oust appellant out of the possession at this time would disturb the status quo as it had existed for many years."

Appellant's claim that she had been in possession of this property for many years was based upon the fact that, prior to the settlement, by common understanding of the parties at interest, she was permitted to collect the rents accruing upon this and other properties belonging to the Story estate, aggregating from $65 to $75 per month. She does not contend that the property in question constituted the family homestead, as that seems to have been in Dallas County; nor does she contend that at or prior to the settlement, she was in actual pedal possession; nor is she asking the probate court to set aside this, or any other designated property, as a homestead; on the contrary, is asking that she be allowed $5,000 in lieu of a homestead and $500 in lieu of exempt personal property; and it is not denied that she did not enter personally upon this property until after the consummation of the settlement, prior thereto it being in actual possession of a tenant.

The instrument executed by appellant on the settlement, conveyed to the Story heirs, naming them, several tracts of acreage lands and certain city and town lots in Dallas County, also including the property in question, described as "All that certain lot, tract or parcel of land lying and being situated in the County of Somerville, State of Texas, described as follows, to-wit: Part of the East ½ of Lot No. 5, division of the town of Glenrose, Texas, known as the Farr Division in the County of Somerville, Texas."; the instrument, among others, contained the following language: "And for such consideration of Five Thousand Dollars ($5,000.00) I, the said Ella Coats Story, a widow, do hereby acquit, release and discharge the said Isaac B. Story (naming other heirs) and the said estate of the said Shelton A. Story and any property of the said Shelton A. Story, deceased, known or unknown, listed or unlisted, described or not described, from all claims, demands and causes of action whatsoever that I have or claim to have against the said parties, estate or property, rising out of any of the foregoing matters or my marriage to the said Shelton A. Story or any other will of the said Shelton A. Story, known or unknown, or which may be found, and I do by these presents bargain, sell, transfer, and convey any future interest that I may or might have in said above described property unto the said (naming the grantees)."

It is obvious, we think, that the property in question belonged to the estate of Shelton A. Story and was in the constructive possession of the administrator, subject to the right of appellant to collect the rents above mentioned, which it seems she was permitted to do by common consent of the parties at interest; but when the settlement was consummated and she conveyed and relinquished all her right, title and interest to the heirs and to the estate, she was no longer entitled to collect rentals, and, if it could be said that, prior to the settlement, she was in constructive possession of the property by reason of the fact that she was authorized to collect rentals, that, of course, ended when her authority and right to collect further rentals ceased, and her subsequent personal entry upon the property was a trespass upon the constructive possession of the administrator and the heirs, hence we think the writ mandatorily requiring her to vacate did not disturb, but restored the status quo as it existed on the consumma-

tion of the settlement between the parties. We therefore overrule appellant's motion for rehearing.

BOND, C. J., dissents.