**Roy APPLEWHITE, Appellant,**

v.

**DARR EQUIPMENT COMPANY et al.,
Appellees.**

No. 4214.

Court of Civil Appeals of Texas.

Waco.

June 18, 1964.

Rehearing Denied July 9, 1964.

Clyde & Hines, Ft. Worth, Jouette M. Bonner, J. M. Donald, Jacksboro, for appellant.

Malone, Seay & Gwinn, Dalton & Moore, Sam S. Stollenwerck and R. L. McSpedden, Dallas, for appellees.

WILSON, Justice.

Plaintiff appeals from an order sustaining defendants' pleas of privilege to be sued in Dallas County. He alleged defendants had collected usurious interest in Jack County where the suit was pending, had converted personalty and had committed a trespass in that county.

We have attempted to catalogue appellant's complaints as listed in a single point of error. As we comprehend them from the entire brief, the errors assigned are: (1) the sustaining of defendants' objection to tendered evidence relating to plaintiff's Jack County residence on the ground his adopted petition admitted he lived in Dallas County at the time a contract alleged to be usurious was entered into, the argument being that plaintiff's residence was immaterial; (2) that the trial court erred "in refusing to hear testimony that the conversion and trespass occurred in Jack County"; and (3) that plaintiff was denied leave to file a trial amendment alleging his residence to be in Jack County at the time the contract out of which the suit grew was executed.

Plaintiff relied on subdivisions 9 and 29a of Art. 1995, Vernon's Ann.Tex.St. We agree with him that the allegation as to his residence is immaterial. Consequently any action relating to that pleading or evidence thereunder is likewise immaterial.

The complaint that the court refused to hear evidence as to the alleged conversion and "trespass" is unfounded. The court, after sustaining the objection to evidence as to residence and refusing leave to amend, refused to permit plaintiff's counsel to withdraw his announcement of ready. Of the latter action no complaint is here made, and it is not referred to in appellant's brief. Appellant's counsel thereupon asked,

"You're not going to allow me to present any evidence as to the residence of Roy Applewhite other than that stated in this petition?" The court replied in the affirmative. Appellant thereafter tendered no evidence as to conversion or trespass. The court excluded none. Plaintiff's request to "give me the rest of the week before you enter the order" was granted. The only evidence ruling made related to the immaterial residence of plaintiff. That ruling was harmless in any event.

Since appellant failed to make proof or offer evidence as to any venue fact, the plea was properly sustained. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. Affirmed.