**Cora Morris JONES, Independent Executrix of the Estate of Joseph E. Jones, Appellant,**

v.

**Elihu I. KLEIN et al., Appellees.**

**No. 15608.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 12, 1970.

John H. Holloway, Houston, for appellant.

James C. Brady, Henry S. Coltzer, Galveston, for appellees.

COLEMAN, Justice.

This is an appeal from a default judgment in favor of appellees against the Estate of Joseph E. Jones, Deceased, and Cora Morris Jones "in her capacity as Independent Executrix and personal representative of the Estate of Joseph E. Jones, Deceased."

Appellant contends that the trial court erred in refusing to set aside the default judgment since the record reflects that at the time of judgment the defendant's statutory plea of privilege had not been determined, and that the judgment entered is either void or voidable because the trial court lacked jurisdiction to render a final judgment until the court disposed of the plea of privilege which had been timely filed. We reverse the judgment of the trial court.

The judgment from which the appeal was taken is dated September 16, 1969, and was filed with the District Clerk on September 17, 1969. On September 8, 1969, appellant filed a plea of privilege in proper form alleging her residence to be in Bryan, Brazos County, Texas. This begins: "Now comes Cora Morris Jones, Individually, and as the Independent Executrix and personal representative of the Estate of Joseph E. Jones,

Deceased, in the above entitled and numbered cause, having been heretofore served with citation to appear herein, and files this, her plea of privilege, showing to the Court as grounds therefor the following: * *"

The plea complies with the statutory formalities, but throughout the singular person is used, i. e., "This defendant, the party claiming such privilege, * * *" Appellant was sued both individually and in her representative capacity. She was served with separate citations. Appellees contend that the plea of privilege must be construed as asserting only the right of Cora Morris Jones to be sued in her individual capacity in the county of her residence. No answer to the merits was filed.

By an order filed on September 17, 1969, the court dismissed the suit as to "Cora Morris Jones, individually," but recited in the order that the "suit of Plaintiffs against the Estate of Joseph E. Jones, deceased, and Cora Morris Jones as the Independent Executrix of the Estate of Joseph E. Jones, deceased, as set out in Plaintiffs' original petition, is retained on the docket of this Court."

Appellant filed a motion to set aside the judgment, and/or motion for new trial, within thirty days from the date of entry of the judgment. The motion was denied, and this appeal was perfected.

 Only one person, Cora Morris Jones, filed the plea of privilege. She stated therein the capacities in which she filed. Use of the singular person thereafter was appropriate. We cannot say that the plea was filed in her individual right, rather than in her capacity as Independent Executrix. Use of the singular person would be required in either instance. The statement contained in the plea that it was filed by Cora Morris Jones individually and as executrix establishes the fact stated. We think it unnecessary for separate pleas of privilege to be filed by one person even though she acts in different capacities.

A plea of privilege can be amended to cure defects of form or substance. A fatally defective plea cannot be treated as a nullity. Fester v. Locke, 285 S.W.2d 239 (Tex.Civ.App.—Ft. Worth 1955).

The trial court failed to rule on the plea of privilege and it was pending when the judgment was entered. No controverting affidavit was filed to Mrs. Jones' plea of privilege in her capacity as independent executrix. The trial court lacked jurisdiction to proceed to a trial on the merits. Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978 (1932).

" * * * An estate of a deceased person is not a legal entity and cannot sue or be sued as such. * * *" Camellia Diced Cream Company v. Chance, 339 S.W.2d 558 (Tex.Civ.App.—Houston 1960).

Reversed and remanded.