Jack BEYER, Appellant,

v.

Douglas W. COLLINSWORTH, Appellee.

No. 4534.

Court of Civil Appeals of Texas, Eastland.

May 12, 1972.

Richard D. Coan, Stephenville, for appellant.

Ben D. Sudderth, Comanche, for appellee.

COLLINGS, Justice.

This suit was brought by Douglas Collinsworth in Comanche County on November 10, 1971, seeking an injunction against the defendant, Jack Beyer. Beyer filed a plea of privilege to be sued in Erath County, the alleged place of his residence. On November 24, 1971, the plea of privilege was heard before the court. The pleadings on file at that time were: the plaintiff's first amended petition, the defendant's plea in abatement and plea of privilege, and the plaintiff's controverting plea and first amended original petition.

In defendant's plea of privilege he inadvertently omitted paragraph two, which is the usual clause to the effect "that no exception to the exclusive venue in the county of one's residence provided by law exists in said cause." The plea of privilege did assert that the defendant was not at the institution of the suit, nor at the time of the filing of the plea a resident of Comanche County and that at the time of the institution of the suit and the time of service of process therein, the residence of the defendant was, and at the time of the filing of the plea was and is in Erath County, and that his post office address was and is Route 4, Stephenville, Texas.

The plaintiff's controverting plea contains a special exception to the plea of privilege asserting that the plea was insufficient as a matter of law. Plaintiff also relies upon Vernon's Ann.Civ.St. Article 1995, Subdivision 10. Plaintiff did not seek to have the court rule on this exception but answered ready and rested on his pleadings, apparently relying on the alleged omission in the defendant's plea of privilege. The defendant's attorney then moved the court to hold as a matter of law that the plaintiff had not met the required burden of proof that the personal property was located in Comanche County as alleged by plaintiff. Thereafter, the defendant put on evidence supporting his plea of privilege. There was no cross examination or evidence to the contrary introduced by plaintiff's attorney.

The statement of facts indicates that no mention was ever made in open court of the defect in the defendant's plea of privilege except in plaintiff's controverting plea. Notwithstanding the evidence in support of the plea of privilege presented by the defendant, the court, after discussion in chambers, which discussion is not in the record, overruled the plea. Jack Beyer has appealed.

The plea of privilege and the evidence introduced by the appellant Beyer show that he was not at the institution of this suit nor at the time of the filing of the plea of privilege a resident of Comanche County, and that at the time of the service of process herein, the residence of the appellant was, and at the time of the filing of the plea was, in Erath County, and at such time his post office address was and still is at Route 4, Stephenville in Erath County.

In 60 Tex.Jur.2d at pages 41–53, it is stated that ". . . the plea of privilege must be sustained if no evidence is introduced to show the truth of the allegations in the controverting plea." See also Allied Finance Co. v. Butaud, 350 S.W.2d 958 (Tex.Civ.App.—Beaumont 1961, no writ hist.); Key v. Mineral Wells Investment Co., 96 S.W.2d 804 (Tex.Civ.App.—Eastland 1936, no writ hist.); Applewhite v.

**948**

Darr Equipment Co., 380 S.W.2d 717 (Tex. Civ.App.—Waco 1964, writ dism'd.); Pierce v. Ford Motor Co., 401 S.W.2d 355 (Tex.Civ.App.—Eastland 1966, writ dism'd.).

In the case of Ideal Baking Company v. Boyd, 417 S.W.2d 613 (Tex.Civ.App.—Tyler 1967, no writ hist.) it is stated as follows:

"The burden imposed on the appellee in the instant case is one the courts have predicated upon the belief that the defendant's right to be sued in the county of his domicile is an invaluable right and this right should be vitiated only when the evidence clearly supports the maintenance of venue in some other county. The right to be sued in one's own domicile is a right jealously guarded by the courts, and exceptions to the venue statutes must clearly appear. . . . Unless the plaintiff clearly discharges his burden of proof, the defendant is entitled to have the cause transferred to the county of his domicile."

No evidence was submitted by appellee Collinsworth in the instant case. Appellant Beyer did introduce evidence and proof which clearly show that no property of appellant was located in Comanche County and that appellant did not reside in that county. In Jones v. Klein, 451 S.W. 2d 788 (Tex.Civ.App.—Houston 1970, no writ hist.) it is stated that a plea of privilege can be amended to cure defects of form or substance and that a fatally defective plea cannot be treated as a nullity. In the instant case there was a defect in appellant's plea of privilege but there was evidence in the record conclusively establishing that there was no exception to the defendant's right to be sued in the county of his residence. The court therefore erred in overruling the plea of privilege.

The judgment of the trial court is reversed and judgment is rendered finding venue to be in Erath County and transferring this cause to that county for trial.