**William L. WORSHAM, Plaintiff-in-Error,**

v.

**FIDELITY UNION LIFE INSURANCE COMPANY, Defendant-in-Error.**

No. 630.

Court of Civil Appeals of Texas, Tyler.

June 22, 1972.

Rehearing Denied July 27, 1972.

Carter, Jones, Magee, Rudberg, Moss & Mayes, Ben Warder, Jr., Dallas, for plaintiff-in-error.

Andress & Woodgate, Wm. Andress, Jr., Dallas, for defendant-in-error.

McKAY, Justice.

This is an appeal by writ of error. Defendant-in-Error, Fidelity Union Life Insurance Company, filed suit against Plaintiff-in-Error, Worsham, on February 17, 1971, for damages for the violation of a restrictive covenant not to compete in selling life insurance to college students, and for a temporary injunction enjoining Plaintiff-in-Error from competing with Defendant-in-Error in the States of Florida and Georgia for a period of two years. On March 19, 1971, a hearing was held in the District Court, and at the conclusion thereof the Court announced from the bench that the Court granted a temporary injunction against Plaintiff-in-Error as prayed for, and announced the granting of a judgment by default against him for $5,503.94, representing a debt of $503.94, and damages of $5,000.00.

On Monday, March 22, 1971, Plaintiff-in-Error filed at 9:39 a. m. in the District Clerk's office a notice of the filing of a petition and bond for removal of the case to the Federal Court. At 4:30 p. m. the same day, March 22, 1971, the District Judge signed a written judgment which had been announced from the bench on March 19, 1971, and such judgment was filed by the clerk on the same day.

On April 21, 1971, the Federal Judge signed an order remanding the cause to the State court, and such order was filed in the District Clerk's office on April 23, 1971. On April 29, 1971, the Federal Judge signed an order setting aside the order to remand, and this order was filed in the State clerk's office on May 4, 1971. However, on May 3, 1971, another default judgment for Defendant-in-Error was signed and filed in the 193rd District

Court reciting that "there might be some question as to the validity of the signing and entry of the judgment in this cause on 22 March 1971, and that therefore this judgment should be entered as a final judgment to obviate any possible question thereon."

On September 10, 1971, the Federal Judge entered an order that his order of April 29, 1971, vacating the order of remand of April 22, 1971, be set aside, and affirmed his order of April 22, 1971, remanding the case to the State court. This last order was filed in the State clerk's office on September 16, 1971.

By his first point Plaintiff-in-Error contends that the trial court erred in *entering* [1] the default judgment of March 22, 1971, because at the time such judgment was *entered* the case had been removed to the Federal Court, and that, therefore, such default judgment is void for lack of jurisdiction which had been transferred to the Federal Court. Plaintiff-in-Error relies upon 28 U.S.C.A. § 1446(e) which provides that after the filing of a petition for removal and bond the defendant shall give notice to all parties and file a copy of the petition for removal with the State court clerk, "which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

Defendant-in-Error contends that the judgment was *rendered* by the State court before removal at a time when its jurisdiction was unchallenged and that jurisdiction attached immediately upon remand for performance of the ministerial act of signing and entering formal judgment on May 3, 1971.

Both the judgment dated March 22, 1971, and the judgment dated May 3, 1971, recite that the court heard the case and pronounced judgment on March 19, 1971. The record shows that the District Judge announced from the bench at the close of a hearing on March 22, 1971, that the injunctive relief was granted, "(a)nd judgment is provided in the amount of $503.94 against the Defendant, the amount of the unpaid balance on the loan, together with $5,000.00 damages. All as per decree to be furnished the Court."

Chief Justice Calvert wrote in Comet Aluminum Company v. Dibrell, 450 S.W.2d 56 (Tex.Supreme, 1970): "In Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, at 1041 (1912), we stated that a judgment's 'rendition is the judicial act by which the court settles and declares the decision of the law upon *the matters at issue.*' [2] And in Knox v. Long, 152 Tex. 291, 257 S.W.2d 289, at 292 (1953), we quoted Freeman on Judgments as stating that a judgment is ' "rendered" when the decision is officially announced either orally in open court *or by memorandum filed with the clerk.*' [3] We then quoted with approval from Appeal of Bulkeley, 76 Conn. 454, 57 A. 112, 113, as follows: 'A judgment is in fact rendered whenever the trial judge officially announces his decision in open court, or out of court signifies to the clerk, in his official capacity and for his official guidance —whether orally or by written memorandum—the sentence of the law pronounced by him in any cause.' "

Judge Phillips, in Coleman v. Zapp, Supra, wrote: "The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded."

The above quoted portion of Coleman v. Zapp has been followed by many cases, among which are: Knox v. Long, 152 Tex. 291, 257 S.W.2d 289 (1953); Farr v. McKinzie, 477 S.W.2d 672 (Tex.Civ.App., Houston 14th, 1972, n. r. e.); Esco v.

---

1. Emphasis ours unless otherwise specified.

2. Emphasis the Supreme Court.

3. Emphasis the Court's in Knox v. Long.

**46**

Argonaut Insurance Company, 405 S.W.2d 860 (Tex.Civ.App., Beaumont, 1966, writ ref. n. r. e.); Texas Life Insurance Company v. Texas Building Company, 307 S.W.2d 149 (Tex.Civ.App., Fort Worth, 1957, n. w. h.); Commissioners' Court of Tarrant County v. Emerson, 441 S.W.2d 889 (Tex.Civ.App., Fort Worth, 1969, writ ref., n. r. e.); Conley v. Conley, 229 S.W.2d 926 (Tex.Civ.App., Amarillo, 1950, writ dis.); Universal Life Ins. Co. v. Cook, 188 S.W.2d 791 (Tex.Civ.App., Waco, 1945, n. w. h.); Corbett v. Rankin Independent School Dist., 100 S.W.2d 113 (Tex.Civ.App., El Paso, 1936, n. w. h.).

The Court said in Leatherwood v. Holland, 375 S.W.2d 517 (Tex.Civ.App., Fort Worth, 1964, writ ref., n. r. e.): "A judgment, on its rendition, even without any entry, is final, valid and enforceable between the parties. The oral official pronouncement by the court of its conclusions and decision upon the matter submitted to it for adjudication may be said to be the rendition of its judgment. The writing out of the judgment in the form of a judgment on file, to be recorded, is a matter of subsequent clerical action."

It is noted that the record does not contain any answer to the Defendant-in-Error's petition nor any motion for new trial nor any allegation of a meritorious defense.

We hold that the judgment here was rendered on March 19, 1971, and was effective from that date, and that whether the signing and entry was on March 22, 1971, or on May 3, 1971, was of no consequence. The judgment had been rendered before any petition for removal to the Federal Court was filed, and the signing and entry of a written record of what the court had already pronounced were ministerial and clerical acts.

Plaintiff-in-Error's second point complains that the May 3, 1971 judgment is void because it was *entered* prior to the expiration of time within which he was required to answer under Rule 237–a, Texas

Rules of Civil Procedure. In view of what we have already written, this point is overruled.

Judgment of the trial court is affirmed.