G. L. NORRELL et al., Appellants,

v.

NATIONAL MOTOR CLUB OF TEXAS, INC., Appellee.

No. 713.

Court of Civil Appeals of Texas, Tyler.

July 12, 1973.

Rehearing Denied Aug. 30, 1973.

**258**

Jerry Bain, Tyner, Bain & Tyner, Tyler, for appellants.

Gordon Wynne, Wynne & Wynne, Wills Point, G. H. Kelsoe, Jr., Kelsoe & Paternostro, Dallas, for appellee.

McKAY, Justice.

National Motor Club of Texas, Inc., hereinafter called "National", brought suit against Norrell and United Automobile Association, Inc., hereinafter called "United", for damages for breach of a non-competitive agreement and for unfair competition, seeking an ex parte temporary restraining order and asking for a hearing for a temporary injunction. National alleged a non-competitive agreement signed by Norrell, and further alleged against both Norrell and United that they were engaged in unfair competition against National. The temporary restraining order was granted, and, upon hearing, the temporary injunction was also granted. On the day of the hearing on the temporary injunction, United filed a plea of privilege which it claims the court overruled, and also filed a plea in abatement which the court did overrule. The appeal here complains of the court's ruling on the plea of privilege, the plea in abatement, and the granting of the temporary injunction.

By its first point United contends that the trial court erred when he overruled the plea of privilege by an oral pronouncement from the bench, and that such an oral pronouncement controls when there is a conflict between such oral pronouncement and the court's written order. We disagree and overrule this point.

At the hearing on December 4, 1972, the court announced that the first order of business would be to proceed on the matter of the plea of privilege filed that day by United. Counsel for National objected to the court hearing the plea of privilege since it had been filed the day of the hearing and there had been no opportunity to answer it. After hearing argument of counsel for both parties, the court said:

"I understand. Well, without putting you in a position of having waived the plea of privilege, as far as the temporary injunction, this Court will overrule the plea of privilege. We will hear the matter of temporary injunction until such time as the plea of privilege that will go to the main merits of the case.

"Mr. Bain: If the Court makes that ruling, of course, we will except to the Court's ruling respectfully; and with this ruling of the Court, then we would assert our plea in abatement, Your Honor.

"The Court: That's the Court's ruling."

Later in the hearing when United's counsel asked for clarification of the ruling on the plea of privilege, the Court said:

"The Court: All right, sir. For the purpose of this hearing on a temporary injunction, I have overruled your plea of privilege. I don't know whether you have a right to proceed further with it with respect to further proceedings in this case or not. At least for this hearing, I will not entertain or at least I will overrule your plea of privilege.

"Mr. Bain: And now the Court has overruled the plea in abatement; and without waiver of that matter, may United Automobile Association proceed.

"The Court: It's understood by the Court that you have not waived the plea of privilege nor exception to the Court's ruling in your plea of abatement and—

"Mr. Bain: And, of course, we respectfully except to the plea in abatement.

"The Court: So noted in the record."

The order granting a temporary injunction against Norrell and United was reduced to writing, and, in part, reads as follows:

"* * * The first matter to be brought before the court was the contention of Defendant United Automobile Association, Inc. that this Court could not proceed to hear a temporary injunction since it had on this date filed its Plea of Privilege; however, legal authorities were submitted to the Court, and the Court thereupon overruled said contention of the United Automobile Association, Inc., the Court noting that the plea of privilege would be heard and determined at a later time after Plaintiff had had an opportunity to file a Controverting Plea within the time allowed by law; * * *"

While it is the general rule, as set out by this court in Worsham v. Fidelity Union Life Insurance Co., 483 S.W.2d 44 (Tex.Civ.App.—Tyler, 1972, wr. ref'd, n. r. e.), that a judgment is in fact rendered when the judge pronounces his decision, and the rendition is the judicial act by which the court settles and declares the decision of the law *upon the matters at issue*. The oral pronouncement of the court's decision *upon the matter submitted to it. for adjudication* may be said to be the rendition of its judgment. Leatherwood v. Holland, 375 S.W.2d 517 (Tex.Civ.App.—Ft. Worth, 1964, wr. ref'd, n. r. e.)

The hearing held by the trial court was for the purpose of determining whether a temporary injunction should be granted, and, therefore, that was the matter at issue. The plea of privilege was filed on the day of the hearing and was not ripe for decision since National had had no opportunity to answer or prepare for a hearing on the venue question. However, if it could be said that the trial court did overrule United's plea of privilege by his pronouncement from the bench, since he had control of his own judgment or order, he changed his mind and declined to rule on the plea of privilege as shown by the written order. Rule 329b, Texas Rules of Civil Procedure.

By its first point, United asks this court to reverse the order overruling the plea of privilege and transfer the cause to Travis County, but in its argument United says the trial court was divested of jurisdiction by the filing of the plea of privilege. Even though the trial court announced he was overruling the plea of privilege, the written order shows he declined to rule on same. Therefore, there is no order on the plea of privilege before us. Since the jurisdiction of the trial court to hear the temporary injunction matter is questioned by United in its argument, if not by its point, we will discuss it.

■ The rule seems to be in Texas that when there is a plea of privilege filed and pending and ready for decision, the court is without jurisdiction to render a judgment in the main suit or upon the merits until such plea of privilege is disposed of. Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978 (Tex.Com.App., 1932); Jones v. Klein, 451 S.W.2d 788 (Tex.Civ.App.—Fort Worth, 1942, n. w. h.) It has also been held that when a plea of privilege has been filed and no controverting affidavit is filed within the time required by law, and the time for such filing is not extended, the trial court is without jurisdiction to enter any order other than transferring the cause to the proper court. Cowan v. State, 356 S.W.2d 170 (Tex.Civ.App.—Austin, 1962, wr. dis.)

■ However, it is also the rule in Texas that the mere filing of a plea of privilege does not deprive the court of jurisdiction to hear temporary matters such as temporary injunction. Pacific Mid-Continent Corp. v. Tunstill, 159 S.W.2d 908 (Tex.Civ.App.—Forth Worth, 1942, n. w. h.); Story v. Story, 172 S.W.2d 753 (Tex. Civ.App.—Dallas, 1943, reversed on other grounds, 142 Tex. 212, 176 S.W.2d 925); Magnolia Pet Co. v. State, 218 S.W.2d 855 (Tex.Civ.App.—Austin, 1949, wr. ref'd, n. r. e.); Huffaker v. Lea County Electric Cooperative, Inc., 344 S.W.2d 915 (Tex. Civ.App.—Amarillo, 1961, wr. ref'd, n. r. e.). In Magnolia Pet Co. v. State, supra, it is said,

"* * * a party against whom injunctive relief may be sought and which cannot be granted without notice, except in extraordinary cases, should not and, in our opinion, does not have the right to destroy the constitutionally given power of district courts to issue writs of injunction by filing a piece of paper called a plea of privilege.

"If this were so, then it would not infrequently happen that when the plea of privilege was finally determined there would be nothing to enjoin and nothing to try or transfer."

■ The plea of privilege was not ready to be heard by the trial court inasmuch as it was filed on the day the temporary injunction matter was heard. National had ten days under Rule 86, T.R.C.P., in which to contest the plea; therefore, the plea was not ripe for contest and the court had not been ousted of jurisdiction. In our opinion the trial court did not lose jurisdiction to enter the order granting the writ. Story v. Story, supra.

■ A temporary injunction merely preserves the status quo until a final hearing on the merits of the case, and it was issued

here at a time when the trial court did not know the final outcome of the suit and may not have known the proper venue of the case. As stated in Pacific Mid-Continent Corp. v. Tunstill, supra:

"* * * If he (trial court) may issue the temporary injunction before he knows with certainty that the plaintiff is entitled to the relief he seeks, surely he may issue the injunction without having to wait until he knows with certainty where the venue lies. If a controversy over venue may deprive the court of authority to preserve the status quo until final hearing, then the whole purpose of the law permitting the issuance of temporary injunction may be defeated. All that a defendant would have to do in any case to escape the restraining influence of the court would be to file a plea of privilege. In many cases he could complete the damage sought to be prevented before the court could pass upon the venue question. * * *"

See Rex Refining Co. v. Morris, 72 S.W. 2d 687 (Tex.Civ.App.—Dallas, 1934, n. w. h.)

In McDonald, Texas Civil Practice, Sec. 4.45, page 584, is found the following statement regarding the effect of pendency of a plea of privilege upon the power and authority of the trial court;

"* * * Further, the court may make such interlocutory orders as may be necessary to preserve the status quo and the subject matter of the suit, including the granting of temporary injunctions and the appointment of a receiver."

■ United's second point complains of the overruling of its plea in abatement wherein it is claimed that the parties and the subject matter were the same as had been litigated in Cause No. 72–1252 in the Seventh District Court in Smith County, and such cause now being on appeal in this court and styled Nicholson, et al. v. National Motor Club of Texas, Inc., No. 717.

The relief sought by National in this suit is against Norrell and United to prevent United from getting names, addresses and renewal dates by and through Norrell in violation of his non-competitive contract, whereas in Cause No. 717, relief is sought to prevent the breach of the non-competitive agreement by Nicholson by his supplying to United names, addresses and renewal dates. The two suits do not involve the same cause of action even though both injunctions may cover the same counties, neither do they involve the same parties, same subject matter, or the same issues or relief. Even though United was enjoined from certain acts in some of the same counties by both injunctions, these acts were by and through different parties in the two suits. There were separate and distinct contracts involved. Point two is overruled.

The last two points complain that the trial court erred in granting the temporary injunction against United and against Norrell.

The temporary injunction order reads in part as follows:

"* * * G. L. Norrell, is calling upon National Motor Club members and changing them over to Defendant United Automobile Association, Inc., using membership information which the said Defendant G. L. Norrell came into possession of by virtue of his prior relationship with Plaintiff, and that to date forty percent (40%) of all memberships sold by Defendant G. L. Norrell were by virtue of conversion of former National Motor Club members to United Automobile Association, Inc. membership and further the Defendant G. L. Norrell has received names and other information from another former representative of National Motor Club of Texas, Inc., viz. O. W. Nicholson, and G. L. Norrell has used this information to call on National Motor Club members in other counties; that the primary counties in which G. L. Norrell worked for National Motor Club

of Texas, Inc. are Henderson, Van Zandt, Rains, and Wood; that all of the aforesaid actions and conduct of Defendant G. L. Norrell were in violation of his noncompetitive contracts and further constitute unfair competition under the law; that Defendant United Automobile Association is participating in a joint undertaking with the Defendant G. L. Norrell in receiving moneys and benefits from the conversion of National Motor Club members to United Automobile Association membership by the use of membership names and other information gotten from G. L. Norrell on National Motor Club members, which said information G. L. Norrell received by virtue of his former association with National Motor Club, thus constituting unfair competition on behalf of United Automobile Association, Inc., in that Defendant G. L. Norrell and Defendant United Automobile Association, Inc. by their joint efforts are using unfair advantage from said information in converting National Motor Club members to United Automobile Association membership, all contrary to the law of unfair competition in the State of Texas. That such actions and conduct by Defendants, jointly and severally, are resulting in irreparable harm and damage to Plaintiff, for which it has no adequate remedy at law;

"BE IT THEREFORE ORDERED, ADJUDGED AND DECREED that the Clerk of this Court issue a Writ of Temporary Injunction, pending final hearing and determination of this cause, restraining and enjoining the Defendant G. L. Norrell, his agents or persons in active concert with him, from directly or indirectly calling upon, soliciting, or attempting to sell any member of National Motor Club of Texas, Inc. a membership in another motor club or similar competitive organization in the Counties of Henderson, Van Zandt, Rains and Wood; FURTHER the said G. L. Norrell is temporarily enjoined, during the pendency of this cause, from receiving, giving, passing, or disclosing, directly or indirectly, any membership names, renewal dates, or other such information to or from O. W. Nicholson, his agents or persons in active concert with him; and FURTHER Defendant G. L. Norrell is temporarily enjoined, during the pendency of this cause, from using any said information gotten or ascertained from National Motor Club records while associated with National Motor Club of Texas, Inc. in soliciting members of National Motor Club of Texas, Inc. in any other counties in the State of Texas.

"BE IT FURTHER ORDERED, ADJUDGED AND DECREED that a temporary injunction shall issue against United Automobile Association, Inc., pending final hearing and determination of this cause, restraining and enjoining said Defendant United Automobile Association, Inc. from using membership names, renewal dates, addresses of members or such other information pertaining to membership of National Motor Club of Texas, Inc. from the Defendant G. L. Norrell, either directly or indirectly, in the Counties of Henderson, Van Zandt, Rains and Wood; and said Defendant United Automobile Association, Inc. is further restrained and enjoined, during the pendency of this cause, from using any and all other similar information gotten or learned through G. L. Norrell, his agents or persons in active concert with him, concerning National Motor Club membership with reference to any other counties in the State of Texas."

United and Norrell maintain that the granting of a temporary injunction was improper because National failed to produce evidence showing a clearly established right and a clear necessity for such relief. We disagree. It is undisputed that United and Norrell sold memberships in United to approximately forty (40) persons who were then members of National in the four-county area involved here. This was in violation of Norrell's non-competitive

contract and United was benefiting from Norrell's use of names and addresses and renewal dates which he had agreed not to use. Norrell had signed a non-competitive contract with National in 1967 and another in 1969 before the execution of the one involved here in May, 1972. It is undisputed that it was required that Norrell sign these agreements before he would be employed by National and that he would not have been employed without having signed them. Norrell's signing was a condition of his employment with National.

The record also reveals that the approximately forty members of National were signed by Norrell for United by virtue of his knowledge of the entire membership of National gained through his previous relationships with National or its agents or employees.

■ United and Norrell do not complain by point or argument that the trial court abused his discretion, but instead argue that the non-competitive contract is invalid or unenforceable for lack of consideration or executed by Norrell under economic duress. Controversies of both fact and law may not be determined on a hearing of an application for temporary injunction but should be determined upon a final hearing of the case on its merits. O'Connor v. National Motor Clubs of Texas, Inc., 385 S. W.2d 558 (Tex.Civ.App.—Houston, 1964, n. w. h.).

In Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 (1953) is found this language:

"In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. James v. Weinstein & Sons, Tex.Com. App., 12 S.W.2d 959, 960. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. Rosenfield v. Seifert, Tex.Civ.App., 270 S.W. 220, 223; Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778, 781; High on Injunctions, 4th Edition, Vol. 1, Sec. 5, p. 8. If the party enjoined prevails on a final trial of the case he finds protection against the improvident granting of the writ and consequent loss in the interim in the applicant's bond. Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460, 462. There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced tends to sustain it. Southwestern Greyhound Lines, Inc. v. Railroad Commission, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235."

■ In our opinion National has shown by the record here that it has a probable right and will suffer a probable injury. National was not required to establish that it will finally prevail in this cause. The purpose of a temporary injunction is to maintain the status quo regarding the matter in controversy. It is well settled that it is within the sound discretion of the court whether to grant or refuse a temporary injunction, and our review is limited to whether the trial court clearly abused his discretion in granting the injunction. O'Connor v. National Motor Club of Texas, Inc., supra.

We are of the opinion that no abuse of discretion is shown by the record.

Points three and four are overruled.

Judgment of the trial court is affirmed.