# NO. 12-16-00095-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALBERT RAY WILLIAMS,* *APPELLANT* | § | *APPEAL FROM THE 104TH* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *GREAT WESTERN DISTRIBUTING COMPANY OF AMARILLO D/B/A BILL REED DISTRIBUTING COMPANY, APPELLEE* | § | *TAYLOR COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Albert Ray Williams appeals the trial court's summary judgment granted against him and in favor of Great Western Distributing Company of Amarillo d/b/a Bill Reed Distributing Company (Great Western). He presents three issues on appeal. We affirm.

## BACKGROUND

Dakotah Croxton was employed by Great Western as a delivery driver. During the week, Great Western paid its delivery drivers on an hourly basis and required drivers to punch a time clock. On the weekends, Great Western paid drivers a flat rate. Weekend drivers received a schedule of deliveries to complete throughout the day. The drivers are tracked via GPS to ensure they are completing their deliveries as scheduled.

On June 7, 2012, Croxton and Williams were involved in an accident in Abilene, Texas. Croxton was driving a company owned vehicle provided to him by Great Western for the purpose of making deliveries. The collision occurred on a weekend in which Croxton was paid a flat rate for deliveries. He was not required to punch a time clock on weekends and had flexibility in managing his time as long as he completed the scheduled deliveries. When the

collision occurred, Croxton had not completed all of his scheduled deliveries and he was traveling home for lunch.

Williams subsequently sued both Croxton and Great Western. He alleged that Great Western was (1) directly liable for both negligence and gross negligence, and (2) vicariously liable under the doctrine of respondeat superior for Croxton's alleged negligence in causing the collision.

Great Western filed a traditional and no evidence motion for summary judgment on Williams's claims of gross negligence and respondeat superior. At a hearing, the trial court granted the summary judgment regarding gross negligence and requested additional briefing on the issue of respondeat superior. In a letter that was not filed with the clerk, the trial court granted Great Western's summary judgment on respondeat superior. Although the trial court singed an order granting summary judgment on Williams's gross negligence claim, the record does not contain a formal written order on the respondeat superior claim.

Following this ruling, Great Western filed special exceptions to Williams's third amended petition and asked the trial court to strike Williams's respondeat superior and gross negligence claims. At a hearing, the trial court granted the special exceptions and stated that it previously granted the summary judgment as to respondeat superior. Great Western later filed a motion to strike the remaining claims against it, which the court granted. Williams then filed a motion to sever his claims against Great Western so he could appeal the issue of respondeat superior, and the trial court granted that motion. This appeal followed.

## THE ORDER

In his first issue, Williams asserts that the trial court's letter ruling granting Great Western's motion for summary judgment on respondeat superior merged with the order granting the motion to strike, which disposed of all claims against Great Western. Great Western agrees that merger occurred. In his third issue, Williams contends that, if the letter ruling is not a proper order on the motion for summary judgment, the trial court abused its discretion by granting the special exceptions and striking Williams's claims against Great Western.

The letter ruling was never entered into the record. However, at the hearing on the motion to strike, the trial court orally pronounced that it had granted Great Western's motion for summary judgment as to respondeat superior. Judgment is rendered when the trial court

2

officially announces its decision in open court or by written memorandum filed with the clerk. *S & A Rest. Corp. v. Leal*, 892 S.W.2d 852, 855 (Tex. 1995). A judgment is effective once it is rendered, and the subsequent reduction to writing of the judgment is a matter of clerical action. *Worsham v. Fid. Union Life Ins. Co.*, 483 S.W.2d 44, 46 (Tex. Civ. App.—Tyler 1972, writ ref'd n.r.e.). The summary judgment was interlocutory because it did not dispose of all claims against all parties. *See Webb v. Jorns*, 488 S.W.2d 407, 408-09 (Tex. 1972). However, the judgment became final when it merged with the order granting the motion to strike, which disposed of all claims against Great Western. *See id.* at 409. Because both orders became final and appealable when the trial court granted Williams's motion to sever the claims against Great Western, we sustain Williams's first issue. *See Hall v. City of Austin*, 450 S.W.2d 836, 838 (Tex. 1970). For this reason, we need not address Williams's third issue. *See* TEX. R. APP. P. 47.1.

## MOTION FOR SUMMARY JUDGMENT

In his second issue, Williams contends the trial court erred in granting Great Western's summary judgment on respondeat superior.

### Standard of Review

The standard for reviewing a traditional summary judgment is well-established. The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When the movant seeks summary judgment on a claim in which the nonmovant bears the burden of proof, the movant must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the burden shifts to the nonmovant to respond to the motion and present the trial court with any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). Generally, a trial court may not consider summary judgment evidence not referenced in or incorporated into the motion. *Fed. Home Loan Mortg. Corp. v. Pham*, 449 S.W.3d 230, 236 (Tex. App.— Houston [14th Dist.] 2014, no pet.).

3

Additionally, after an adequate time for discovery has passed, a party without the burden of proof at trial may move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of its claims. *See* TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence. *See Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 600 (Tex. 2004). We review a no evidence motion for summary judgment under the same legal sufficiency standards as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *Id.* at 751. If the evidence supporting a finding rises to a level that would enable reasonable, fair minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Id.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *Id.*

In determining whether an appellant has raised more than a scintilla of evidence regarding the grounds on which a no evidence motion for summary judgment was based, we are limited to the summary judgment proof produced in the response. *DeGrate v. Exec. Imprints, Inc.*, 261 S.W.3d 402, 408 (Tex. App.—Tyler 2008, no pet.). In both traditional and no evidence summary judgment motions, we review the record de novo and in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c). If the trial court's order does not specify the grounds on which it granted summary judgment, we affirm the trial court's ruling if any theory advanced in the motion is meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

When a party moves for both a traditional and no evidence summary judgment, we first review the trial court's summary judgment under the no evidence standards of Rule 166a(i). *Ridgway*, 135 S.W.3d at 600. If the no evidence summary judgment was properly granted, we do not reach the arguments made in the traditional motion for summary judgment. *See id.* at 602. This rule applies when the same issues were raised in both the traditional and no evidence

4

grounds. ***Dunn v. Clairmont Tyler, L.P.***, 271 S.W.3d 867, 870 (Tex. App.—Tyler 2008, no pet.).

**Applicable Law**

To impose liability on an employer for the tort of his employee under the doctrine of respondeat superior, the employee's act must (1) fall within the scope of the employee's general authority, and (2) be in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired. ***Robertson Tank Lines, Inc. v. Van Cleave***, 468 S.W.2d 354, 357 (Tex. 1971). In determining whether an employee was acting within the scope of his employment, we consider whether on the occasion in question, the employer has the right and power to direct and control the employee in the performance of the causal act or omission at the very instance of the occurrence. ***Parmlee v. Tex. & New Orleans R.R. Co.***, 381 S.W.2d 90, 93 (Tex. Civ. App.—Tyler 1964, writ ref'd n.r.e.). In this vein, Texas courts have concluded that when an "employer neither requires any particular means of travel nor directs the employee to take a particular route, the employee is not engaged in the furtherance of [his employer's] business." ***London v. Tex. Power & Light Co.***, 620 S.W.2d 718, 720 (Tex. App.—Dallas 1981, no writ).

When it is proved that a vehicle involved in an accident is owned by the defendant and the driver was an employee of the defendant, "a presumption arises that the driver was acting within the scope of his employment when the accident occurred." ***Robertson Tank Lines***, 468 S.W.2d at 357. However, the presumption only prevails when it is unrefuted. *See **id***. Where there is evidence that the driver was on a personal errand, or otherwise not in the furtherance of his employer's business, ownership of the vehicle and the fact that the driver was an employee of the defendant are insufficient to raise a fact issue regarding scope of employment. ***Id***. at 358. Once the presumption is rebutted, the burden is on the plaintiff to produce other evidence that the driver was within the scope of his employment. *See **id**.*; ***J & C Drilling Co. v. Salaiz***, 866 S.W.2d 632, 637 (Tex. App.—San Antonio 1993, no writ). Unaided by the presumption or other affirmative evidence, the fact that the employee was driving his employer's vehicle at the time of the accident does not constitute probative evidence that the employee was acting within the scope of his employment and is insufficient to raise a fact issue. *See **Robertson***, 468 S.W.2d at 358.

**Analysis**

In the no evidence portion of its summary judgment motion, Great Western alleged that it was entitled to judgment as a matter of law because Williams presented no evidence that Croxton was in the course and scope of his employment at the time of the collision. In his deposition, Croxton testified that he was not working at the time of the accident. According to Croxton, he had completed a delivery, was on his lunch break, and was travelling to his residence at the time of the accident. Thus, Great Western maintained that it was not vicariously liable for Croxton's actions because he was on a personal errand, i.e, he was driving home for lunch, when the accident occurred.

Williams urges that Croxton was within the course and scope of his employment with Great Western because he was driving an employer-owned vehicle and uses the streets as a condition of his employment. Williams bases his argument on several cases that analyze the "course and scope" requirement under the Texas Workers' Compensation Act (TWCA). However, the rules governing course and scope under the TWCA and for vicarious liability under the common law doctrine of respondeat superior are distinct and can create different outcomes on the same set of facts. *Painter v. Amerimex Drilling I, Ltd.*, No. 08-14-00134-CV, 2015 WL 6705308, at *7 (Tex. App.—El Paso Nov. 3, 2015, pet. filed) (not yet released for publication); *see Shelton v. Standard Ins. Co.*, 389 S.W.2d 290, 293 (Tex. 1965) (noting that result would be different in respondeat superior context from workers' compensation case). "The common-law principles that define when there will be vicarious liability are designed to assign liability for injury to third parties to the party who was directing the details of the negligent actor's conduct when that negligence occurred. The Workers' Compensation Act was not." *Garza v. Excel Logistics, Inc.*, 161 S.W.3d 473, 481 (Tex. 2003) (internal citation omitted). Because this is not a workers' compensation case, we analyze the course and scope requirement under the common law. *See id.*, *see also Robertson Tank Lines*, 468 S.W.2d at 357.

It is well settled under Texas law, "[w]hen an employee deviates from the performance of his duties as an employee for his own, personal purposes, his employer is neither responsible nor liable on a respondeat superior theory for what occurs during that deviation." *Drooker v. Saeilo Motors,* 756 S.W.2d 394, 397 (Tex. App.—Houston [1st Dist.] 1988, writ denied); *see also Hudiburgh v. Palvic,* 274 S.W.2d 94, 100–101 (Tex. Civ. App.—Beaumont 1955, writ ref'd

6

n.r.e.). Moreover, courts applying Texas common law have held that an employee driving a company vehicle while going to or from lunch or dinner break was not within the scope of his employment. *Robertson,* 468 S.W.2d at 358–59 (discussing cases holding that presumption of course and scope is rebutted where evidence establishes driver turned aside, even briefly, for a personal errand); s*ee Gant v. Dumas Glass & Mirror, Inc.,* 935 S.W.2d 202, 212–13 (Tex. App.—Amarillo 1996, no writ) (holding that employee was not within scope of employment when accident occurred while he was in company vehicle en route back to work after "attending his personal business of eating lunch"); *J & C Drilling Co.,* 866 S.W.2d at 637–38 (holding that plaintiff failed to raise fact issue regarding whether driver was within scope of employment where driver, who was in company vehicle and on 24–hour call, got into an accident returning to rig site, after having left site to have dinner in another town); *see also Drooker,* 756 S.W.2d at 397–98 (finding no evidence that employee was acting within scope of employment where employee left work in employer's vehicle with two co-workers for a dinner break, intended to return to work after the meal, and was en route to dinner when accident occurred); *cf. Bell v. VPSI, Inc.,* 205 S.W.3d 706, 718 (Tex. App.—Fort Worth 2006, no pet.) (recognizing that even when driving vehicle furnished by employer, employee is generally not in course and scope while going to and returning from work unless directed by employer or furthering employer's business).

Croxton testified in his deposition that he was travelling home for lunch when the accident occurred. This evidence rebutted the presumption that he was in the course and scope of his employment while driving an employer-owned vehicle. Williams identifies several facts that he contends support the inference that Croxton was within the course and scope of employment. He points to the fact that Croxton had not completed his daily deliveries, the vehicle was monitored by GPS, Croxton notified his supervisor of the accident, Great Western investigated the accident, and the supervisor arrived on scene before the police. However, these facts do not create a fact issue with regard to whether Croxton was in the course and scope of his employment because they do not negate that Croxton was driving home for lunch when the accident occurred. Accordingly, Williams presented no evidence to rebut Great Western's evidence that Croxton was en route to his residence for lunch at the time of the collision.

Because Williams presented no evidence that Croxton was in the course and scope of his employment at the time of the accident, the trial court did not err in granting Great Western's no

evidence motion for summary judgment on respondeat superior. *See **Goodyear Tire & Rubber Co. v. Mayes***, 236 S.W.3d 754, 757 (Tex. 2007) (holding summary judgment properly granted when uncontroverted testimony of defendant driver showed driver was on personal errand at time of accident); *see also **Chapman***, 118 S.W.3d at 751; TEX. R. CIV. P. 166a(i). We overrule Williams's second issue and need not address whether summary judgment on traditional grounds would be proper. *See* TEX. R. APP. P. 47.1; *see also **Ridgway***, 135 S.W.3d at 602.

## CONCLUSION

We have sustained Williams's first issue and need not address his third issue. Having determined that the trial court's summary judgment ruling on the doctrine of respondeat superior is properly before us, and having overruled Williams's second issue challenging the trial court's decision to grant a no evidence summary judgment in favor of Great Western, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered December 16, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

DECEMBER 16, 2016

NO. 12-16-00095-CV

**ALBERT RAY WILLIAMS,**
Appellant
V.
**GREAT WESTERN DISTRIBUTING COMPANY OF
AMARILLO D/B/A BILL REED DISTRIBUTING COMPANY,**
Appellee

Appeal from the 104th District Court

of Taylor County, Texas (Tr.Ct.No. 26,604-B)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **ALBERT RAY WILLIAMS,** for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*